DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, Petitioner,

v.

Paulette EVANS, Respondent.

No. D–3078.

Supreme Court of Texas.

May 11, 1994.

Rehearing Overruled June 22, 1994.

Barbara L. Stroud, Austin, for petitioner.

Tom L. Ragland, Waco, for respondent.

GONZALEZ, Justice, delivered the opinion of the Court, in which all Justices join.

The dispositive issue presented in this workers'·compensation case is whether the trial court abused its discretion in refusing to set aside a default judgment and grant a motion for new trial. Specifically at issue is whether a movant is required to introduce evidence at the hearing on its motion for new trial in order to satisfy the test in *Craddock*

*v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), when the movant has attached affidavits in support of its motion.[1] The trial court, without the State being present, proceeded to trial and found the worker totally and permanently incapacitated and awarded her lump-sum benefits of $92,218.80. The trial court overruled the State's motion for new trial, and the court of appeals affirmed. 835 S.W.2d 230. We reverse the judgment of the court of appeals and remand for trial.

Paulette Evans filed a workers' compensation action against the State for injuries allegedly sustained during her employment at the Mexia State School. The trial was originally set for March 26, 1990, but Ms. Evans moved for a continuance. The trial was reset for March 25, 1991, with an alternate setting of May 28, 1991. On February 28, 1991, the assistant attorney general handling the case, Lance Sharp, requested that the trial date be changed to April 22, 1991. Counsel for Ms. Evans agreed, and a letter was sent to the clerk resetting the case for April 22.

Mr. Sharp subsequently resigned from the attorney general's office effective April 19, 1991. Barbara Stroud, who assumed responsibility for Mr. Sharp's case load, was informed that this case was set for trial on May 28, 1991. Ms. Stroud asserts that she was unaware that the State and Ms. Evans had agreed to an April 22, 1991 trial date due to Mr. Sharp's failure to record the trial date on his calendar or to note the trial date in the case file. The State did not make an appearance at the trial, and a post-answer default judgment was taken against the State.

After Ms. Stroud received a copy of the judgment, the State timely filed a Motion to Set Aside Default Judgment and Motion for New Trial. The State contended in its motion that it was entitled to a new trial because Ms. Evans failed to comply with the statutory ten-day notice requirement applicable to default judgments against the State and because the State met the three-part

---

1. Due to our disposition of this case, it is not necessary to address the issue of whether a party taking a post-answer default judgment against the State must give ten days notice of an intent to take such a judgment pursuant to section 39.001 of the Texas Civil Practice and Remedies Code (1993).

*Craddock* test. The trial court denied the State's motion. The court of appeals affirmed, 835 S.W.2d at 232, holding that the court could not consider the State's affidavits attached to its motion for new trial since they were not introduced at the hearing. We reverse the judgment of the court of appeals because the trial court abused its discretion in refusing to grant a new trial.

## MOTION FOR NEW TRIAL

■ The court of appeals held that the trial court "did not abuse its discretion in denying the motion for new trial because the State did not meet its burden on any of the *Craddock* tests when it failed to offer any evidence." 835 S.W.2d at 232. The court of appeals erred in relying on *Carey Crutcher, Inc. v. Mid–Coast Diesel Services, Inc.*, 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ), which held that the failure to offer into evidence affidavits attached to a motion for new trial precludes the affidavits from being considered for purposes of the meritorious defense element of the *Craddock* test. *Carey Crutcher*, the cornerstone of the court of appeals' analysis, is clearly wrong. The holding in *Carey Crutcher* conflicts with the procedure for motions for new trial set out in *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984), and *Ivy v. Carrell*, 407 S.W.2d 212, 215 (Tex.1966). Affidavits attached to the motion for new trial do not have to be offered into evidence in order to be considered by the trial court for the meritorious defense element or any other element of the *Craddock* test. *See Strackbein*, 671 S.W.2d at 38–39. It is sufficient that the affidavits are attached to the motion for new trial and are part of the record.

### Craddock Test

■ *Craddock* provides that a default judgment should be set aside and a new trial ordered in any case in which:

[1] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; [2] provided the motion for a new trial sets up a meritorious defense and [3] is filed at a time when the granting

thereof will occasion no delay or otherwise work an injury to the plaintiff.

133 S.W.2d at 126; *accord, Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381 (Tex.1994); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 390 (Tex.1993). The prerequisites for setting aside a no-answer default judgment have been applied to post-answer default judgments. *See, e.g., Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex.1987); *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986). A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Cliff*, 724 S.W.2d at 778–79. However, a trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992).

### Consciously Indifferent or Intentional Conduct

In *Strackbein*, we held that when the factual allegations in a movant's affidavits are not controverted, the question of conscious indifference must be determined in the same manner as a claim of meritorious defense. 671 S.W.2d at 38. As with a claim of meritorious defense, it is sufficient if the motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Id.* at 38–39. The trial court is required to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock*. *Id.* at 39; *Cliff*, 724 S.W.2d at 780. If the motion and affidavits meet those requirements, a new trial should be granted. *Strackbein*, 671 S.W.2d at 39; *See Cliff*, 724 S.W.2d at 778.

In *Strackbein*, since there was no record of the hearing and the nonmovant did not file controverting affidavits, the movant's evidence was uncontroverted and supported the requirements of *Craddock*. The court of appeals could only look to the evidence before it (the motion and supporting affidavits) to determine if the trial court abused its discretion in denying a new trial. *Strackbein* does not require a movant to introduce its supporting affidavits as evidence in order for them to be considered by the trial court. In the case at

hand, although there were affidavits filed by the nonmovant and a record of the hearing was preserved, nothing presented was sufficient to controvert the factual assertions in the State's motion for new trial and attached affidavits.

■ "In determining whether the failure to appear was due to intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant." *Strackbein*, 671 S.W.2d at 39. If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Id.* at 38–39. In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. The evidence in this record consists of the State's motion and affidavits, including those of Defendant's Counsel, Barbara Stroud and Lance D. Sharp, Ms. Evans' response to the motion and affidavits, and Ms. Evans' evidence (oral testimony and exhibits) introduced at the hearing.

■ The State's motion and the affidavits of Ms. Stroud and Mr. Sharp state facts that negate the possibility that the State's failure to appear was intentional or the result of conscious indifference. Ms. Stroud's predecessor simply misdated the trial date on his calendar and conveyed the wrong information to Ms. Stroud when she replaced him. Ms. Stroud believed the case was set for a later date, thus, her failure to appear was not intentional, but was due to an accident or mistake. Ms. Stroud's affidavit states that she did not become aware of the actual trial setting until after the default judgment. Ms. Stroud then checked with Mr. Sharp's former secretary, Connie Hughes, who showed her Mr. Sharp's reading files which included the letter from Mr. Sharp to Ms. Evans setting the trial date for April 22, 1991. The State's motion and supporting affidavits clearly satisfy the requirements of *Craddock*, if uncontroverted.

Ms. Evans' response to the motion for new trial alleges that the State failed to negate that three employees of the State Employees Workers' Compensation Division and the secretary to the attorney for the defendant had knowledge of the trial setting. In addition, Ms. Evans' response states that in Ms. Stroud's affidavit Ms. Stroud states that she "reviewed the files maintained by Mr. Sharp [former attorney for the defendant] 'and found a February 28, 1991 letter from Sharp' that 'stated that trial was scheduled for April 22, 1991.'" Ms. Evans further alleged that the State "failed to establish that its failure to appear at the trial on the merits, at its request, was not intentional and was not the result of conscious indifference." Ms. Evans' supporting affidavit by Tom Ragland, her attorney, does not controvert any facts related to conscious indifference or delay.

At the hearing, the State presented its arguments to the judge and the affidavits submitted with the motion for new trial were brought to the attention of the trial court. Ms. Evans' attorney, Mr. Ragland, presented oral testimony and exhibits establishing the trial date setting and the letters sent to Mr. Sharp and other State employees regarding the case.

Although Ms. Evans argues that employees of the State, including Mr. Sharp and Ms. Stroud's secretary, knew about the trial setting, Ms. Evans does not specifically controvert the statement of Ms. Stroud's belief that the case was set for a later date. *See Bank One, N.A.*, 830 S.W.2d at 85 (holding that the nonmovant did not controvert the statement of the movant's belief and thus, the first element of the Craddock test was satisfied). In the absence of controverting evidence that the State's failure to appear was due to its intentional act or conscious indifference, the State's affidavits should, for the purpose of establishing lack of conscious indifference, be taken as true.[2] *Estate of Pollack*, 858 S.W.2d at 391.

---

**2.** For examples of cases in which intentional disregard or conscious indifference was not found and a new trial was granted, see *Strackbein*, 671 S.W.2d at 39 (secretary was told to mail documents, but did not because she thought the defendant had mailed them); *Craddock*, 133 S.W.2d at 125 (insurance company inadvertently placed defendant's citation with mail not requiring immediate attention); *State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578 (Tex.App.—

## Meritorious Defense

■ Setting up a meritorious defense is determined based on the facts alleged in the movant's motion and supporting affidavits, regardless of whether those facts are controverted. *See e.g., Ivy,* 407 S.W.2d at 214; *see also Strackbein,* 671 S.W.2d at 38–39. It is sufficient that the movant's motion and affidavits set forth facts which in law constitute a meritorious defense. *Id.; Estate of Pollack,* 858 S.W.2d at 392.

The State alleges that Ms. Evans was injured in an automobile accident following her alleged job-related injury and that this accident, and not the job-related injury, was the cause of her damages. The facts, if true, would establish a sole cause defense. The State also alleges the defense of a credit or offset.

## Delay or Injury

■ The third requirement of *Craddock* is that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock,* 133 S.W.2d at 126. Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff. *Cliff,* 724 S.W.2d at 779; *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986). An equitable principle is involved and the court

should deal with the facts on a case by case basis in order to do equity. *Id.* The goal to be achieved is to not unduly delay or injure the plaintiff by granting the motion. *Id.*

■ In its motion for new trial, in supporting affidavits, and at the hearing, the State offered to go to trial immediately and to reimburse Ms. Evans for the expenses incurred in obtaining the default judgment.[3] Ms. Evans' attorney testified that granting the motion for new trial would provide a financial hardship to Ms. Evans because the State has not paid her weekly benefits, or her medical bills, nor offered to provide her medical care. Mr. Ragland further testified that he had upcoming trials that might conflict with a new trial setting. The purpose of this element of the *Craddock* test, however, is to protect a plaintiff against the sort of undue delay or injury that would disadvantage her in presenting the merits of her case at a new trial, such as a loss of witnesses or other valuable evidence. *Id.* Thus, Ms. Evans' allegations fail to show an injury that would negate the State's showing of no undue delay or injury.

In summary, the State's motion for new trial and uncontroverted attached affidavits satisfy the *Craddock* test. Thus, the trial court's denial of the State's motion for new trial was an abuse of discretion. According-

Houston [1st Dist.] 1990, writ denied) (insurance company made a filing mistake and the file never made it to the right person); *Southland Paint Co. v. Thousand Oaks Racket Club,* 724 S.W.2d 809 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (answer was filed late due to staff shortage at defendant's insurance broker's office); *Evans v. Woodward,* 669 S.W.2d 154 (Tex.App.—Dallas 1984, no writ) (failure to file answer was due to confusion in attorney's office rather than indifference on defendant's part); *Drake v. McGalin,* 626 S.W.2d 786 (Tex.Civ.App.—Beaumont 1981, no writ) (answer prepared by secretary was presumably lost by volunteer exchange student who was assisting defendant's attorney as an office boy); *Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (suit papers were inadvertently misplaced in defendant's office); *Leonard v. Leonard,* 512 S.W.2d 771 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd w.o.j.) (attorney misplaced file); *Continental Airlines Inc. v. Carter,* 499 S.W.2d 673 (Tex.Civ.App.—El Paso 1973, no writ) (inadvertence by secretary in failing to note on calen-

dar date answer was due); *Republic Bankers Life Ins. Co. v. Dixon,* 469 S.W.2d 646 (Tex.Civ. App.—Tyler 1971, no writ) (attorney forgot to prepare answer when his secretary placed the file with his general files rather than his active files); and *Reynolds v. Looney,* 389 S.W.2d 100 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.) (the citation was mislaid in insurance company's office).

3. The willingness of a party to go to trial immediately and pay the expenses of the default judgment are important factors for the court to look to in determining whether it should grant a new trial. They are not dispositive of whether the motion should be granted. *See Cliff,* 724 S.W.2d at 779 (holding that an offer to reimburse plaintiff for costs is not a precondition, but an important factor for trial court to look at in determining whether it should grant a new trial); *Angelo,* 713 S.W.2d at 98 (noting that courts look more favorably upon defendants ready, willing and able to go to trial almost immediately).

ly, we reverse the judgment of the court of appeals and remand for trial.