TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00624-CV







Rhonda Cramer McClure, Appellant



v.



Dr. Henry Landis and Interim Physicians, Inc., Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-0921, HONORABLE BILL BENDER, JUDGE PRESIDING







 Rhonda Cramer McClure appeals from a judgment dismissing with prejudice her medical-malpractice action against her physician, Henry Landis, and Interim Physicians, Inc. We will reverse the
judgment and remand the cause to the trial court.


THE CONTROVERSY


 In an original petition filed October 20, 1995, McClure sued Landis in an action governed
by the Medical Liability and Insurance Improvement Act. (1) See Tex. Rev. Civ. Stat. Ann. art. 4590i, §§
1.01-16.02 (West Supp. 1997) (the Act). Under the Act, she was obliged to furnish Landis an "expert
report" within 180 days of filing suit or suffer dismissal of her action "with prejudice to the claim's refiling." 
Id. § 13.01(d),(e). The Act provides in the following language, however, for an accidental or mistaken
failure to supply the report in a timely fashion:


Notwithstanding any other provision of this section, if a claimant has failed to comply with
a deadline established by Subsection (d) of this section and after a hearing the court finds
that the failure of the claimant or the claimant's attorney was not intentional or the result
of conscious indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with that subsection. 



Id. § 13.01(g) (emphasis added). 

 On June 26, 1996, or about 249 days after McClure filed her suit, Landis had not received
the required expert report and moved to dismiss McClure's claim under section 13.01(d) and (e) of the
Act. The trial court sustained the motion and dismissed McClure's claim with prejudice. She moved for
a new trial on allegations that her failure to supply the report in a timely fashion "was not intentional or the
result of conscious indifference but was the result of an accident or mistake," as stated in section 13.01(g)
of the Act, and that she was entitled to a 30-day grace period retroactively validating the expert report that
her trial attorney had furnished Landis immediately on receiving of a copy of his motion to dismiss.

 At a hearing on McClure's motion for new trial, McClure offered as evidence of the
mistaken nature of the omission an affidavit and testimony of Marco Sapien, McClure's trial attorney, the
affidavit of Jackie Nguyen, Sapien's legal assistant or paralegal, and the affidavit of Conrad D. Moore, a
physician who had examined McClure at Sapien's request. According to the affidavits and testimony, in
April 1996, before the 180-day period expired, Sapien possessed Moore's expert report and his letter to
Sapien discussing McClure's eye condition. Sapien had to leave the United States and instructed Nguyen
to send the expert report to Landis's trial counsel. Nguyen inadvertently sent the letter instead of the expert
report. When Sapien returned, Nguyen told him she had sent the expert report as instructed; for that
reason Sapien did not know, until Landis filed his motion to dismiss, that the expert report had not been
delivered within the required period. Sapien furnished a copy of the report to Landis's counsel immediately
on receiving a copy of the motion to dismiss.

 The trial judge overruled McClure's motion for new trial. In her first point of error, she
contends his action was an abuse of discretion. We agree and need not discuss McClure's remaining
points of error.


DISCUSSION AND HOLDINGS


 The elements of section 13.01(g) of the Act, quoted above, are obviously derived from the
terms of Texas Rule of Civil Procedure 165a(3), governing the reinstatement of causes after dismissal for
want of prosecution, (2) and from the rules governing equitable motions for new trial established in Craddock
v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). (3) We believe, therefore, that the legislature
intended the elements of section 13.01(g) to apply in an analogous manner. See, e.g., Smith v. Babcock
& Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995) (employing Craddock rules in applying Rule
165a(3)).

 Proof of accident or mistake negates the intent or conscious indifference for which
reinstatement or a new trial will be denied. See id. at 468. To establish a right to a new trial, one must
show "some excuse," not necessarily a good excuse, for failing to comply with a judicial requirement. 
Gotcher v. Barnett, 757 S.W.2d 398, 401 (Tex. App.--Houston [14th Dist.] 1988, no writ); see also
Craddock, 133 S.W.2d at 125. A party moving for a new trial may support his position by affidavits
attached to the motion and by evidence. The attached affidavits "do not have to be offered in evidence in
order to be considered by the trial court." Director, State Employees Workers' Compensation Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994); see Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). 
Unless the opposing party controverts specifically the facts alleged by the movant for new trial, the latter
will prevail on the issue of mistake. See Evans, 889 S.W.2d at 269; see also Aaron Jackson and Benton
Eskew, Default Judgments: Procedure(s) for Alleging or Controverting Facts on the Conscious
Indifference Issue, 40 Baylor L. Rev. 59, 67 (1988). In Evans, the trial judge was held to have abused
his discretion by refusing a new trial when the record did not controvert movant's affidavit statement
regarding his mistaken belief as to a trial date. Evans, 889 S.W.2d at 269. In Bank One, Texas, N.A.
v. Moody, 830 S.W.2d 81, 85 (Tex. 1992), the trial judge was held to have abused his discretion by
refusing a new trial when the record did not controvert a bank president's mistaken belief that "freezing"
a depositor's account and tendering the account balance to the court was a legally sufficient response to
a writ of garnishment served the bank.

 Landis supplied nothing to controvert specifically the affidavits and testimony establishing
Sapien's mistaken belief that the report had been furnished in a timely manner. Landis relies instead on an
inference--because McClure had failed in two other discovery particulars, (4) Sapien's testimony and affidavit
and the affidavits of Nguyen and Moore were not worthy of belief. We disagree. Any inference that
McClure habitually failed to respond in discovery matters is entirely unjustified by the record. The record
shows without dispute her general compliance in such matters. The two instances suggested by Landis
do not establish a habit or pattern and have, therefore, no probative force whatever as contradicting the
testimony and affidavits supplied by McClure. See Tex. R. Civ. Evid. 406 (1997); 1 Goode, Wellborn and
Sharlot, Texas Rules of Evidence: Civil and Criminal § 406.4, Texas Practice, at 227 (1993). And,
in all events, Landis' motion and the trial court's dismissal order rest exclusively upon section 13.01(d) of
the Act. See Torres v. Rios, 869 S.W.2d 555 (Tex. App.--Corpus Christi 1993, no writ) (movant's
mistaken belief regarding notice of pre-trial conference not controverted by his failure to respond to
discovery requests). Sapien's mistaken belief stood unassailed in the record and evidence before the trial
court. We hold, therefore, that the order overruling McClure's motion for new trial was an abuse of
discretion.

 For the reasons given, we reverse the trial-court judgment and remand the cause to that
court. 



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: November 13, 1997

Publish
1. We need not decide whether the Act governed McClure's action against Interim, Landis' alleged
employer.
2. Rule 165a(3) provides as follows: 


The court shall reinstate the case upon finding after a hearing that the failure of the party
or his attorney was not intentional or the result of conscious indifference but was due to an
accident or mistake or that the failure has been otherwise reasonably explained.


Tex. R. Civ. P. 165a(3).
3. "A default judgment should set aside and a new trial ordered in any case in which the failure of
the defendant to answer before judgment was not intentional, or the result of conscious indifference on his
part, but was due to a mistake or accident." Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126
(Tex. 1939).
4. McClure failed to reveal that Moore might testify at trial and that McClure had visited a physician
who proved to be unsympathetic to her case.


see Strackbein v. Prewitt
, 671 S.W.2d 37, 38 (Tex. 1984). 
Unless the opposing party controverts specifically the facts alleged by the movant for new trial, the latter
will prevail on the issue of mistake. See Evans, 889 S.W.2d at 269; see also Aaron Jackson and Benton
Eskew, Default Judgments: Procedure(s) for Alleging or Controverting Facts on the Conscious
Indifference Issue, 40 Baylor L. Rev. 59, 67 (1988). In Evans, the trial judge was held to have abused
his discretion by refusing a new trial when the record did not controvert movant's affidavit statement
regarding his mistaken belief as to a trial date. Evans, 889 S.W.2d at 269. In Bank One, Texas, N.A.
v. Moody, 830 S.W.2d 81, 85 (Tex. 1992), the trial judge was held to have abused his discretion by
refusing a new trial when the record did not controvert a bank president's mistaken belief that "freezing"
a depositor's account and tendering the account balance to the court was a legally sufficient response to
a writ of garnishment served the bank.

 Landis supplied nothing to controvert specifically the affidavits and testimony establishing
Sapien's mistaken belief that the report had been furnished in a timely manner. Landis relies instead on an
inference--because McClure had failed in two other discovery particulars, (4) Sapien's testimony and affidavit
and the affidavits of Nguyen and Moore were not worthy of belief. We disagree. Any inference that
McClure habitually failed to respond in discovery matters is entirely unjustified by the record. The record
shows without dispute her general compliance in such matters. The two instances suggested by Landis
do not establish a habit or pattern and have, therefore, no probative force whatever as contradicting the
testimony and affidavits supplied by McClure. See Tex. R