TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00577-CV






Larry W. Kimes, P. C. and Larry W. Kimes, Appellants



v.



Clarence Simpson, Phyllis Simpson, Ed Childress, Fern Childress, Bertha Simpson, and
Clarence Simpson as the Representative of the Estate of H. C. Simpson, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-12569, HONORABLE TEMPLE DRIVER, JUDGE PRESIDING 






 Larry W. Kimes, P. C. and Larry W. Kimes ("Kimes") appeal from a post-answer default
judgment. Kimes represented appellees in a lawsuit that was mediated, resulting in settlement awards to
appellees. In short, Kimes paid appellees their awards with insufficient funds checks drawn on his
operating account, which caused the current suit against Kimes. The trial court rendered an interlocutory
summary judgment finding liability and then, after a trial on the merits, rendered a final default judgment
incorporating the liability findings and assessing damages. We will modify the trial-court judgment and
affirm.

 Kimes answered appellees' petition and filed various pleadings in the trial court, including
a response to the motion for summary judgment. On May 9, 1996, he filed for protection in the bankruptcy
court; the bankruptcy proceeding was dismissed with prejudice on July 8, 1996. Moments before the final
hearing on August 19, he objected to proceeding with the trial as scheduled, contending that appellees
improperly obtained the setting while the automatic stay triggered by his bankruptcy filing was in effect. (1) 
Kimes was given notice of the trial setting and does not dispute having actual knowledge of the trial date,
which occurred forty-two days after the bankruptcy court dismissed his cause with prejudice. Neither the
April 13, 1996, interlocutory summary judgment nor the final judgment dated August 19, 1997, was
rendered at a time when the automatic stay applied. Nevertheless, Kimes neither appeared at trial nor filed
a motion for new trial asking the court to set aside the default judgment.

 On appeal, Kimes attacks the trial-court judgment in three points of error. However, his
failure to file a motion for new trial precludes our review of his attacks on the default judgment. (2)

 The requirements for setting aside a default judgment are well established. Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The prerequisites for setting aside a no-answer default judgment apply to post-answer default judgments, as well. Director, State Employees
Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Cliff v. Huggins, 724
S.W.2d 778, 779 (Tex. 1987). A motion for new trial is a prerequisite to a complaint on appeal when it
is a complaint on which evidence must be heard, such as the failure to set aside a default judgment. Tex.
R. Civ. P. 324(b)(1). Kimes did not give the trial court the opportunity to apply the Craddock factors and
determine whether to set aside the default judgment. Accordingly, Kimes' failure to file a motion for new
trial precludes us from setting aside the default judgment, and we overrule his three points of error.

 Further, Kimes complains that the trial court erred by not staying the litigation and ordering
the parties to arbitration. Kimes waived any error by failing to obtain a ruling and preserve the issues for
appeal. We overrule points two and three for these reasons as well.

 Appellees in their brief note that Kimes has paid Bertha Simpson $1,586.96 by certified
check and ask us on appeal to modify the judgment to reflect credit for that amount. Accordingly, we
modify the judgment to reflect a $1,586.96 reduction in Bertha Simpson's recovery, and, as modified,
affirm.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Modified and, as Modified, Affirmed

Filed: January 8, 1998

Do Not Publish
1. 11 U.S.C. § 362 (1988).
2. A statement of facts on appeal has never been tendered; we would presume the absent record
contained evidence to support the judgment. Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991);
Tex. R. App. P. 37.3(c).



/CENTER>



Clarence Simpson, Phyllis Simpson, Ed Childress, Fern Childress, Bertha Simpson, and
Clarence Simpson as the Representative of the Estate of H. C. Simpson, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-12569, HONORABLE TEMPLE DRIVER, JUDGE PRESIDING 






 Larry W. Kimes, P. C. and Larry W. Kimes ("Kimes") appeal from a post-answer default
judgment. Kimes represented appellees in a lawsuit that was mediated, resulting in settlement awards to
appellees. In short, Kimes paid appellees their awards with insufficient funds checks drawn on his
operating account, which caused the current suit against Kimes. The trial court rendered an interlocutory
summary judgment finding liability and then, after a trial on the merits, rendered a final default judgment
incorporating the liability findings and assessing damages. We will modify the trial-court judgment and
affirm.

 Kimes answered appellees' petition and filed various pleadings in the trial court, including
a response to the motion for summary judgment. On May 9, 1996, he filed for protection in the bankruptcy
court; the bankruptcy proceeding was dismissed with prejudice on July 8, 1996. Moments before the final
hearing on August 19, he objected to proceeding with the trial as scheduled, contending that appellees
improperly obtained the setting while the automatic stay triggered by his bankruptcy filing was in effect. (1) 
Kimes was given notice of the trial setting and does not dispute having actual knowledge of the trial date,
which occurred forty-two days after the bankruptcy court dismissed his cause with prejudice. Neither the
April 13, 1996, interlocutory summary judgment nor the final judgment dated August 19, 1997, was
rendered at a time when the automatic stay applied. Nevertheless, Kimes neither appeared at trial nor filed
a motion for new trial asking the court to set aside the default judgment.

 On appeal, Kimes attacks the trial-court judgment in three points of error. However, his
failure to file a motion for new trial precludes our review of his attacks on the default judgment. (2)

 The requirements for setting aside a default judgment are well established. Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). The prerequisites for setting aside a no-answer default judgment apply to post-answer default judgments, as well. Director, State Employees
Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Cliff v. Huggins, 724
S.W.2d 778, 779 (Tex. 1987). A motion for new trial is a prerequisite to a complaint on appeal when it
is a complaint on which evidence must be heard, such as the failure to set aside a default judgment. Tex.
R. Civ. P. 324(b)(1). Kimes did not give the trial court the opportunity to apply the Craddock factors and
determine whether to set aside the default judgment. Accordingly, Kimes' failure to file a motion for new
trial precludes us from setting aside the default judgment, and we overrule his three points of error.

 Further, Kimes complains that the trial court erred by not staying the litigation and ordering
the parties to arbitration. Kimes waived any error by failing to obtain a ruling and preserve the issues for
appeal. We overrule points two and three for these reasons as well.

 Appellees in their brief note that Kimes has paid Bertha Simpson $1,586.96 by certified
check and ask us on appeal to modify the judgment to reflect credit for that amount. Accordingly, we
modify the judgment to reflect a $1,586.96 reduction in Bertha Simpson's recovery, and, as modified,
affirm.