NUMBER 13-99-393-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PAT R. BRADY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 This is an appeal from the granting of a default judgment. The
State filed suit against appellant, Pat Brady, seeking forfeiture of $2,438. 
The State alleged that the money was contraband subject to seizure
under the forfeiture statute, Chapter 59 of the Texas Code of Criminal
Procedure. Brady failed to answer, and the trial court entered a default
judgment, ordering forfeiture of the money. The trial court denied
Brady's motion for new trial. The sole issue is whether the trial court
abused its discretion in denying the motion for new trial. We reverse
and remand.

Standard of Review


 In determining whether a default judgment should be set aside we
apply the test stated in Craddock v. Sunshine Bus Lines, Inc., 133
S.W.2d 124, 126 (Tex. 1939). The Texas Supreme Court has
interpreted the Craddock test as having the following three elements: 
(1) that the failure of the defendant to answer before judgment was not
intentional, or the result of conscious indifference on his part, but was
due to a mistake or an accident; provided (2) the motion for new trial
sets up a meritorious defense; and (3) is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to
the plaintiff. Bank One, Texas v. Moody, 830 S.W.2d 81, 82-83 (Tex.
1992).

I. Conscious Indifference


 Brady filed an affidavit along with his motion for new trial. He
swore that after being served he had been "out of town" part of the
time. He tried to confer with his attorney but could not do so because
his attorney was busy with other cases. Brady stated that his failure to
file an answer was not intentional nor the result of conscious
indifference. He stated that he "did not get a chance to confer with my
attorney and file an answer. This was due to mistake or accident."

 Brady's affidavit was uncontroverted. When factual allegations in
a movant's affidavit are not controverted a conscious indifference
question must be determined in the same manner as a claim of
meritorious defense. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.
1984). It is sufficient that the movant's motion and affidavit set forth
facts which, if true, would negate intentional or consciously indifferent
conduct. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987).

 Although Brady may have been negligent in failing to file an
answer, conscious indifference means more than mere negligence. 
Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex.
1995) (per curiam). Because Brady set forth facts that, if true, would
negate intentional or consciously indifferent conduct in failing to file an
answer we conclude that he met the first element of Craddock.

II. Meritorious Defense


 Setting up a meritorious defense is determined based on the facts
alleged in the movant's motion and supporting affidavit, and it is
sufficient that the motion and affidavit set forth facts which in law
constitute a meritorious defense. Director v. Evans, 889 S.W.2d 266,
270 (Tex. 1994). Brady swore that the $2,438 was his money and that
it was not obtained from or connected to any illegal activity. These
facts show that the money was not contraband and, therefore,
establish a meritorious defense to the suit. See Tex. Code Crim. Proc.
Ann. art. 59.02(a) (Vernon Supp. 2000) (stating that property that is
contraband is subject to seizure and forfeiture). We conclude that
Brady met the second Craddock element.

III. No Delay or Injury


 Once a defendant has alleged that granting a new trial will not
injure the plaintiff the burden of going forward with proof of injury shifts
to the plaintiff. Evans, 889 S.W.2d at 270. Brady alleged that the
motion for new trial was filed at a time when granting it would cause
no delay in trial or otherwise work any injury to the State. Brady stated
that he was ready to defend the suit. The State offered no evidence to
show that granting a new trial would cause delay or injury. We
conclude that Brady met the third prong of the Craddock test.

 Because Brady met the Craddock test the trial court abused its
discretion by denying his motion for new trial. Moody, 830 S.W.2d at
85. We sustain the issue.

 We reverse the judgment and remand the case for a new trial.



 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 5th day of October, 2000.