COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-409-CV

 

 

IN THE INTEREST OF A.M.S.S., A CHILD                                                 

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In one point, Appellant Lola
S. asserts that the trial court abused its discretion by denying Lola S.=s motion for new trial.  We
affirm.

II.  Factual and Procedural Background








This is the case of the
absent client.  Lola S. is the mother of
A.M.S.S., who was born January 28, 2006. 
At that time, Lola S. was in custody, but she was released approximately
two months later.  The Texas Department
of Family and Protective Services (ATDFPS@) placed
A.M.S.S. with a relative, and A.M.S.S. continued to reside with this relative. 

TDFPS filed its original
petition on September 22, 2005, concerning only Lola S.=s firstborn child, J.M., Jr. 
TDFPS filed its second amended petition on March 15, 2006 concerning
only the child A.M.S.S, and on October 17, 2006, the trial of this matter
occurred.  Lola S. personally did not
appear for trial but appeared through her counsel, Scott F. McKnight.  Lola S.=s trial counsel informed the trial court at the start of the trial
that (1) he was ready for trial; (2) his office had been Ain contact with [Lola S.] last week@; and (3) at that time, his office had informed Lola S. of the trial
setting.  This was confirmed by testimony
of a TDFPS caseworker at trial; Lola S. told the caseworker the day before
trial began that (1) she knew about the upcoming trial and (2) she had spoken
to her trial counsel=s
office.  There was also evidence that she
had not attended any of the hearings in connection with this case.

Following the trial, the
trial court signed an order terminating Lola S.=s parental rights to A.M.S.S. on October 21, 2006.  After Lola S. learned that the trial court
had terminated her parental rights, Lola S. filed a motion for new trial and
later a first amended motion for new trial on November 15, 2006.  On November 20, 2006, the trial court denied
the motion for new trial in open court, as noted on the docket sheet.








Lola S.=s affidavit filed in connection with her efforts to obtain a new trial
stated that she did not receive written notice of trial.  Lola S. asserted that within the two-month
period preceding the trial date, she had changed her residence.  She stated that she had submitted a change of
address form to the U.S. Postal Service, requesting that her mail be forwarded
to a post office box that she shared with her cousin.  The Postal Service did not initially forward
the mail; instead, each item was returned to the sender.  The Postal Service apparently returned any
mail not addressed to Lola S.=s cousin because the post office box account was under his name. 

In addition, Lola S. averred
that she had begun participating in parenting classes and individual
counseling, tasks which were on her TDFPS service plan, well before the date of
trial and that she had completed these services after the trial date.  In addition, she had previously scheduled a
psychological evaluation for October 18, 2006 (the day after the trial).  Further, she continued to visit A.M.S.S.
while this case was pending.








Lola S.=s affidavit also stated that she has a meritorious defense to this
suit.  Specifically, Lola S. stated that
termination is not in the best interest of the child.  Lola S. also stated that the granting of a
new trial would not result in any injury to TDFPS or the child who is the subject
of this suit.  She did not deny that she
had been told about the trial setting, however, but implied that she was
unaware of it: AI would have
appeared for trial if I had known about the trial date.@

III.  Denial of Motion for New Trial

In her sole point, Lola S.
asserts that the trial court abused its discretion by denying her motion for
new trial.

A.  Standard of Review

We review the denial of a
motion for new trial under the abuse of discretion standard.  Golden Eagle Archery, Inc. v. Jackson,
24 S.W.3d 362, 372 (Tex. 2000).  Lola S.
argues that the abuse of discretion standard is measured by the Craddock factors,
citing Director, State Employees Workers= Compensation Division v. Evans, 889 S.W.2d
266, 268-71 (Tex. 1994), and Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 392-93, 133 S.W.2d 124, 126 (1939).  These are default judgment cases.  The case before us is not a default judgment
case because Lola S. answered the suit and her attorney appeared on her behalf
at the trial.  We reject Lola S.=s assertion that we should apply the Craddock factors to this
case before us.  Instead, when reviewing
the trial court=s denial of
a new trial, we must make every reasonable presumption in favor of the court=s ruling.  See Fantasy Ranch,
Inc. v. City of Arlington, 193 S.W.3d 605, 612 (Tex. App.CFort Worth 2006, pet. denied).

B.  The Evidence








As asserted by the State and
confirmed by the record, the following evidence, inter alia, was adduced at
trial: 

January
2005: The male child J.M., Jr. is born. 
In the same month that J.M., Jr. is born, TDFPS receives a referral
alleging possible physical abuse and neglectful supervision of J.M., Jr.  (Police were contacted regarding domestic
dispute going on in the child=s household.)  After receiving the referral, TDFPS opens a
case on Lola S.

 

May
20, 2005: Lola S. commits the crime of terroristic threat.  

 

June
23, 2005: Lola S. abandons six-month-old J.M., Jr. in a church and is
incarcerated.  (Lola S. is jailed because
she had outstanding warrants and traffic tickets.) 

 

July
7, 2005: Lola S. slashes J.M., Jr.=s father=s
tires with a knife. Around this time, Lola S. has J.M., Jr.=s
father=s
utilities shutoff.

 

July
18, 2005: Lola S. hurls a large brick into J.M., Jr.=s
father=s  house through a window.  (Lola S. had been calling J.M., Jr.=s
father=s
home all night and the police had been called; there was a note tied around the
brick.) J.M., Jr. was in the home when Lola S. hurled the brick into the home
through the window.

 

July
2005: Lola S. accuses her TDFPS caseworker of having an affair with J.M., Jr.=s
father.  (Lola S. claimed that she Acould
smell@
J.M., Jr.=s
father on the caseworker.)

 

July/August
25, 2005: Lola S. circulates flyers in J.M., Jr.=s
father=s
neighborhood asserting that J.M., Jr.=s father has given her a
sexually transmitted disease.  Around
this same time, J.M., Jr.=s
father=s
house is vandalized.  (When J.M., Jr.=s
father confronts Lola S., Lola S. denies that she is responsible.)

 








September
21, 2005: Lola S. tries to abscond with J.M., Jr. during a supervised visit at
CPS=s
office.  J.M., Jr. is removed from Lola
S. and his father and placed in foster care. 
A TDFPS caseworker recalled that Lola S. used to Ataunt@
J.M., Jr. during her visits with the child.

 

September
22, 2005: Lola S. firebombs J.M., Jr.=s father=s
home the day after the twenty-four hour hearing.  (Lola S. is convicted of this offense on
March 13, 2006.)

 

January
28, 2006: The female child A.M.S.S. is born. 
Lola S. had been in a psychiatric ward almost the entire time that she
was pregnant with A.M.S.S.  (Lola S.
transferred from jail to the hospital in Wichita Falls.)  Since her birth, A.M.S.S. has lived with the
Scott family.  (The Scotts are relatives
of Lola S.)

 

March
2006: Lola S. is released from jail.

 

October
16, 2006: TDFPS caseworker (Rita Thompson) speaks to Lola S.  Lola S. acknowledges that she is aware of the
next day=s
trial and that she has been in contact with the office of defense counsel.  Lola S. did not indicate to the TDFPS
caseworker whether Lola S. planned to attend the trial the next day.  Despite being notified of the prior hearing
dates in this case, Lola S. had not attended any of the prior hearings.

 

October
17, 2006: Trial begins.

 

January/February
2007: Lola S. was due to give birth to her next child.

 

C.  The Order

 

In its Order of Termination, the trial court found as follows:

 

8.1.
The Court finds by clear and convincing evidence that [Lola S.] has

8.1.1.
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the child;

 








8.1.2.
engaged in conduct or knowingly placed the child with persons who engaged in
conduct which endangers the physical or emotional well-being of the child;

 

8.2.
The Court finds by clear and convincing evidence that termination of the
parent-child relationship between [Lola S.] and the child the subject of this
suit is in the child=s
best interest. 

 

IV.  Conclusion

Under the circumstances of
this case and after considering the evidence, the Order of Termination, and
under the appropriate standard of review, we cannot say that the trial court
abused its discretion by denying Lola S.=s motion for new trial.  Having
overruled Lola S.=s sole
point, we affirm the trial court=s judgment terminating Lola S.=s parental rights to A.M.S.S.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

WALKER,
J. concurs without opinion.

 

DELIVERED:
May 31, 2007

 

 

 











[1]See Tex.
R. App. P. 47.4.