Affirmed and Majority and Dissenting Opinions filed February 5, 2008








Affirmed and Majority and Dissenting Opinions filed February
5, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00602-CV

____________

 

HORNELL BREWING CO., INC. (A/K/A
ARIZONA),
Appellant

 

V.

 

MODESTO TONY LARA, Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 2005-27494

 



 

M A J O R I T Y   O P I N I O N

The trial court entered a default judgment in favor of
appellee Modesto Tony Lara against appellant Hornell Brewing Co., Inc. (a/k/a
Arizona).  Hornell filed a motion for new trial seeking to set aside the
default judgment, which the trial court denied.  On appeal, Hornell asserts the
trial court erred in failing to grant its motion for new trial.  We affirm.

Lara alleged he was injured after ingesting broken glass
while drinking a bottle of Arizona Tea.  After settlement negotiations failed
to resolve the dispute, Lara sued Hornell for negligence, products liability,
and breach of warranty.  Hornell failed to answer, and Lara obtained a default
judgment for $50,000.








After receiving notice of the default judgment, Hornell
filed a motion for new trial requesting that the default judgment be set
aside.  We review a trial court=s ruling on a motion for new trial for
abuse of discretion.  Director, State Employees= Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994).  When moving for new trial to set
aside a default judgment, the defendant must (1) prove its failure to answer
was not intentional or the result of conscious indifference but due to accident
or mistake, (2) assert a meritorious defense, and (3) show that granting a new
trial would not cause delay or otherwise injure the plaintiff.  See Craddock
v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939).  If a defendant
meets all three Craddock elements, the trial court abuses its discretion
in failing to order a new trial.  Evans, 889 S.W.2d at 268.

Hornell explained in affidavits and its motion that it
never received notice of Lara=s suit.  Hornell=s process for
receipt of service involves many steps.  After suit documents are served on its
registered agent, the documents must pass through two more sets of hands at
different corporate entities before finally reaching Hornell=s general
counsel.  Hornell=s evidence showed that the process broke
down after the second step, although it was not sure exactly where or how
because the suit documents were never located.

The new trial briefing and hearing focused on the first and
third Craddock elementsCwhether the failure to answer was
intentional or the result of conscious indifference and whether a new trial
would cause delay or injure Lara.  The trial court judge disapproved of Hornell=s method of
receiving service, as she explained in the new trial hearing:








I do agree to a certain extent with
plaintiff.  I believe that the defendants have deliberately set up a process
for receiving service that is so complicated, so cumbersome, so convoluted that
it is designed to allow them to claim that they never got something because it
didn=t go properly
through the four or five steps that it had to go through, and in addition to
that, none of their agents keep any records and they seem to be proud of it
because they put in their affidavits that they don=t keep any records
of all this stuff.  I presume that that is designed to make it so that nobody
can prove that they ever got anything.

The
trial judge concluded that even though this conduct amounted to gross
negligence and she suspected that Hornell deliberately failed to answer, she
stopped short of actually finding that the failure to answer was intentional or
the result of conscious indifference.  The trial judge concluded that Hornell
was nevertheless not entitled to a new trial based on prejudice to Lara because
Hornell would not pay Lara=s expenses in obtaining the default
judgment. 

On appeal, Hornell argues the trial court erred in refusing
to grant a new trial based solely on its refusal to pay Lara=s expenses in
obtaining the default judgment.  In challenging a default judgment, if the
defendant alleges that granting a new trial will cause no injury or delay, the
burden shifts to the plaintiff to disprove this.  Evans, 889 S.W.2d at
270.  This is an equitable determination that should be made on a case by case basis
after considering the entire record.  See id. at 270; State &
County Mut. Life Ins. Co. v. Williams, 924 S.W.2d 746, 749 (Tex. App.CTexarkana 1996, no
writ).  Although an offer to pay expenses is not an absolute precondition to
granting a new trial, it is an important factor to consider.  Evans, 889
S.W.2d at 270 n.3

Lara put on evidence that he incurred approximately $2000
in expenses to obtain the default judgment, and not only did Hornell not offer
to pay, but it refused to pay, arguing that Lara could have avoided the expense
of a default judgment by personally inquiring whether Hornell intended to
answer.  Despite implementing a complicated system for receiving service that
the trial court found Hornell designed deliberately to make service more
difficult, Hornell refused to pay for the expenses this system caused Lara and
instead attempted to impose a duty on Lara to remind it to answer.  In these
circumstances, we cannot say the trial court abused it discretion in taking
these factors into consideration and determining that Hornell is not entitled
to a new trial because it refused to pay Lara=s expenses in this
case.








For the first time in its appellate brief, Hornell has
offered to pay Lara=s Areasonable
attorney=s fees and costs
incurred in taking the default judgment.@  However, as Lara
points out, he has had to incur significant additional expenses in defending
the default judgment, and Hornell has not offered to reimburse those.  Further,
although some courts consider offers to pay default judgment expenses made for
the first time on appeal, we hold that the better practice is to assess whether
the trial court abused its discretion based on the information available to the
trial court at the time of the ruling.  See Zonker v. Sullivan,
650 S.W.2d 189, 190B91 (Tex. App.CEl Paso 1983, writ
ref=d n.r.e.) (holding
offer to pay expenses on appeal too late, noting that for trial court to
properly exercise discretion, all elements of Craddock test must be
presented to trial court); Mitchell v. Webb, 591 S.W.2d 547, 550 (Tex.
App.CFort Worth 1979,
no writ) (A[Defendants] did not offer to reimburse [plaintiff]
for any costs incurred in obtaining his default judgment until they filed their
brief on appeal.  This is clearly too late.@); see also
In re A.W.P., 200 S.W.3d 242, 245 (Tex. App.CDallas 2006, no pet.) (reviewing
trial court=s decision based on evidence before it at the time, noting appellant had
not shown trial court=s decision was incorrect when made); In re Harvest Cmtys.
of Houston, Inc., 88 S.W.3d 343, 349 (Tex. App.CSan Antonio 2002, no pet.) (stating
that we Acan only consider the record that was
before the trial court at the time of the hearing@ in determining whether the trial
court=s ruling was correct).  But see Dallas
Heating Co. v. Pardee, 561 S.W.2d 16, 22 (Tex. App.CDallas 1977, writ
ref=d n.r.e.) (reversing
default judgment, in part based on defendant=s new offer on
appeal to pay expenses).  Therefore, we conclude that Hornell=s belated offer to
pay Lara=s trial level
expenses does not entitle it to a new trial.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed February 5, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman (Fowler, J., dissenting).