**Reversed and Remanded and Memorandum Opinion filed July 19, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00332-CV

---

**JORGE ARELLANO, Appellant**

**V.**

**MAGDALENO VILLEGAS, Appellee**

---

**On Appeal from the 353rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-20-001352**

---

## MEMORANDUM OPINION

Appellant Jorge Arellano appeals the final default judgment entered against him in favor of appellee Magdaleno Villegas. Appellant argues that the trial court erred in excluding his affidavit in support of a new trial after a no-answer default. We agree that the trial court erred in excluding the affidavit, but because appellee presented evidence on the first *Craddock* element, there is a fact issue that must be decided by the trial court. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388,

133 S.W.2d 124, 126 (1939).  Therefore, we remand for an evidentiary hearing on appellant's motion for new trial.

## I.  GENERAL BACKGROUND

The parties were involved in a vehicle collision.  Appellee filed a lawsuit against appellant alleging negligence and gross negligence.  Appellant was served with the citation and requested that his insurer defend him in the case.  Appellant's insurer denied coverage and did not file an answer.  Appellant also did not file an answer.  Appellee moved for a default judgment, which the trial court granted.

The trial court issued a turnover order against appellant.  Appellee then pursued his claims against appellant's insurer for breach of contract, breach of statutory duties, and negligence.  The trial of the claims against the insurer resulted in a judgment awarding damages to appellee against the insurer in the amount of the default judgment against appellant.  On appeal, the judgment against the insurer was overturned because the default judgment against appellant was not final.  *See Old Am. Cnty. Mutual Fire Ins. Co. v. Villegas*, No. 01-17-00750-CV, 2019 WL 3121853 (Tex. App.—Houston [1st Dist.] July 16, 2019, no pet.) (mem. op.).

On remand, appellant filed a motion for new trial and attached his affidavit.  In his affidavit, appellant attested that:

> Counsel for Plaintiff contacted me and advised that my insurance carrier. . . would handle my defense in the referenced lawsuit if I submitted the suit to my carrier.  As a result, I executed a document . . . requesting that my insurance carrier provide me with a defense and turned that . . . paper over to my insurance agent.  The document was prepared by counsel for Plaintiff; I merely signed the document and forwarded it to my agent.
>
> It was my understanding based on my communications with counsel for Plaintiff that this was all that I needed to do in this lawsuit.  As a result, I did not file an answer on my behalf.

My failure to respond . . . was not intentional or the result of conscious indifference, but a mistake because I relied on the advice of counsel for Plaintiff.

Appellee filed a response to appellant's motion for new trial, objecting to appellant's affidavit as hearsay because appellee had not "been provided any opportunity to conduct discovery or cross-examine him." Appellee also asserted he would bring witnesses to the hearing on the motion for new trial to "call the contents of the affidavit into question."

The trial court held a hearing on appellant's motion. At the hearing appellee objected to appellant's affidavit as hearsay. Appellee called three witnesses to testify. Appellee also admitted exhibits into the record at the hearing. The trial court denied appellant's motion for new trial. In its order, the trial court sustained appellee's hearsay objection to the affidavit and denied appellant's motion for new trial. Shortly thereafter the trial court granted appellee's motion to sever and motion for entry of final judgment against appellant. This appeal followed.

## II. HEARSAY

Appellant argues that the trial court abused its discretion by sustaining appellee's hearsay objection and not considering his affidavit in support of his motion for new trial. Appellant further argues such error was harmful because if the trial court had considered his affidavit in ruling on his motion for new trial, then appellant would have been entitled to a new trial.

### A. General Legal Principles

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d

3

35, 43 (Tex. 1998). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. *See* Tex. R. App. P. 44.1; *see also Owens-Corning*, 972 S.W.2d at 43; *In re M.B.D.*, 344 S.W.3d 1, 5–6 (Tex. App.—Texarkana 2011, no pet.). We review the entire record and require the complaining party to demonstrate that the judgment turns on the evidence excluded or admitted. *Interstate Northborough P'Ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

"Affidavits attached to a motion for new trial do not have to be offered into evidence in order to be considered by the trial court for the meritorious defense element or any other element of the *Craddock* test." *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). It is sufficient that the affidavits are attached to the motion for new trial and part of the record. *Id.*

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted and is inadmissible unless a statute or rule of exception applies. Tex. R. Evid. 801(d); 802. Knowledge gained through firsthand experience or personal observation is considered "personal knowledge." *In re Marriage of Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021). "Facts within an affiant's personal knowledge are not hearsay." *Id.* A statement offered against an opposing party made by the party in a representative capacity or made by the party's agent on a matter within the scope of that relationship while it existed is not hearsay. Tex. R. Evid. 801(e)(2).

**B. Analysis**

Appellant argues that the trial court's exclusion of the affidavit as hearsay was error because an affidavit is appropriate evidence in the context of a motion for new trial. *See Evans*, 889 S.W.2d at 268; *Young v. Kirsch*, 814 S.W.2d 77, 80 (Tex. 1991) ("[A]ppellate courts have used the term 'affidavits or *other evidence*' repeatedly when addressing the issue of setting aside a default judgment on the bases of conscious indifference, which must necessarily include documents, depositions, and testimony."); *see also Freeman v. Pevehouse*, 79 S.W.3d 637, 647 (Tex. App.—Waco 2002, no pet.) (considering whether live testimony controverted movant's affidavit). In other words, appellant argues he is not required to put on live testimony and may, instead, rely on his affidavit. We agree. Even when a trial court conducts an evidentiary hearing, the movant is not required to move for admission of such an affidavit for it to be considered by the trial court as evidence supporting his motion for new trial.[1] *See Evans*, 889 S.W.2d at 268. Thus, in the context of a motion for new trial, the movant's affidavit is appropriate evidence for the trial court to consider even when the trial court conducts an evidentiary hearing. *See id.* (considering affidavits, oral testimony, and exhibits in ruling on motion for new trial).

Next appellant argues that the trial court erred in excluding the affidavit as hearsay. Appellant's affidavit was based upon his personal knowledge regarding the actions he took and reasons why he did not file an answer in the lawsuit. Because it

---

[1] While contested issues of fact are "ordinarily decided after a hearing at which witnesses present sworn testimony in person or by deposition rather than by affidavit," *Estate of Pollack*, 858 S.W.2d at 391, appellant may choose *not* to present any further evidence in support of his motion. However, appellee is not left without remedy should appellee wish to obtain further information from appellant regarding the first *Craddock* element. *See id.* ("[Non-movant] should have been allowed an opportunity to develop and present evidence of her own at such an evidentiary hearing. . . . The trial court should have taken steps to assure [non-movant's] right to discovery on the issue of whether the [movant] satisfied the first element of *Craddock*.").

is based on appellant's personal knowledge, it is not hearsay. *See In re Marriage of Sandoval*, 619 S.W.3d at 722. The sentence within the affidavit that "Plaintiff contacted me and advised that my insurance carrier. . . would handle my defense in the referenced lawsuit if I submitted the suit to my carrier" is also not hearsay under Rule 801.[2] *See* Tex. R. Evid. 801(e)(2); *Cleveland Reg'l Med. Ctr. v. Celtic Props., L.C.*, 323 S.W.3d 322, 337 (Tex. App.—Beaumont 2010, pet. denied) ("[A]s long as the [attorney's] statement is made during the existence of the employment relationship and concerns a matter within the scope of that employment, it is admissible against the principal, even if the employee had no authority to speak for the principal. Thus, the attorney's statement was admissible against his client . . . .").

Having concluded that the trial court should have overruled appellee's hearsay objection to appellant's affidavit, we must now determine whether this error harmed appellant.

In *Estate of Pollack*, the supreme court remanded for an evidentiary hearing on the motion for new trial where the trial court improperly limited the evidence it considered in denying the motion. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993). In *In re M.B.D.*, the appellate court concluded the trial court's exclusion of the movant's evidence at the motion for new trial hearing "probably prevented the [movant] from properly presenting her case to the court of appeals." 344 S.W.3d at 5. The appellate court remanded the proceeding to the trial court "to conduct an evidentiary hearing on [the movant's] motion for new trial." *Id.* at 5–6.

---

[2] Appellee argues that appellant failed to preserve error on the "hearsay within hearsay" point because appellant failed to argue that this portion of the affidavit met any exception to hearsay. We conclude that this portion of the affidavit is not hearsay under the definition, as opposed to an exception to hearsay. *Compare* Tex. R. Evid. 801(e)(2), *with* Tex. R. Evid. 803.

6

Similarly, in this case appellant was prevented from presenting the merits of his motion for new trial because of the trial court's exclusion of his evidence. *See id*.; *see also In re Sandoval*, 619 S.W.3d at 723. Appellant's affidavit was the only evidence supporting his claim under the first *Craddock* element. *See Craddock*, 133 S.W.2d at 126; *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). Had appellant's affidavit not been excluded, appellant's motion and affidavit asserted facts which, if true, could negate intentional or consciously indifferent conduct and may entitle him to a new trial. *See Estate of Pollack*, 858 S.W.2d at 391; *see also In re Sandoval*, 619 S.W.3d at 722–23 (determining that the movant's affidavit was improperly excluded on the basis of hearsay and that because the non-movant failed to present any evidence in response to the movant's motion for new trial that, as a matter of law, the affidavit established all three *Craddock* elements). The trial court's denial of the motion for new trial turned on the exclusion of appellant's affidavit. By excluding the affidavit, there was no factual basis to support the first *Craddock* element and no fact issue for the trial court to resolve. Appellant was harmed when such evidence was excluded. *See* Tex. R. App. P. 44.1.

Whether appellant's failure to answer was intentional or the result of conscious indifference is a fact question. *See Estate of Pollack*, 858 S.W.2d at 391. Here, the trial court sustained appellee's hearsay objection, so the trial court had no evidence to support the first *Craddock* element and did not weigh the evidence or decide the fact question of whether appellant's failure to answer was intentional or the result of conscious indifference. *See id*. Because there is an issue of fact, the trial court must first weigh the evidence and resolve the fact issue. *See Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (when the trial court conducts an evidentiary hearing and controverting evidence is presented, the trial court must resolve the fact issue). Accordingly, we sustain

7

appellant's first issue, reverse the trial court's judgment, and remand to the trial court for an evidentiary hearing on appellant's motion for new trial.[3]  *See Estate of Pollack*, 858 S.W.2d at 392; *In re M.B.D.*, 344 S.W.3d at 5.

### III.   CONCLUSION

Because we conclude the affidavit was not hearsay, the trial court abused its discretion in excluding the affidavit on that ground.  *See Walker*, 827 S.W.2d at 840; *Citibank (S. Dakota), N.A. v. Tate*, No. 01-09-00320-CV, 2010 WL 5117466, *3 (Tex. App.—Houston [1st Dist.] Dec. 16, 2010, no pet.) (mem. op.).   Because the affidavit was admissible and the only evidence supporting the first *Craddock* element, the judgment turned on the evidence excluded and appellant was harmed by the exclusion of his affidavit.  We therefore reverse the trial court's judgment and remand for an evidentiary hearing on appellant's motion for new trial.


/s/      Ken Wise
Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.

---

[3] Having sustained appellant's first issue, we need not address his second issue challenging the sufficiency of the evidence.  *See* Tex. R. App. P. 47.1.