11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael James Konkel
d/b/a Venture Fund Group

Appellant

Vs.                   No.
11-00-00292-CV B Appeal from Comanche County                                 

Delbert Otwell et al 

Appellees

 

The trial
court awarded appellees, Delbert Otwell, Bernice Otwell, Adonna Otwell, Ken
Otwell, R.D. Walker, Lyra Walker, and Dennis Otwell, a default judgment against
appellant, Michael James Konkel d/b/a Venture Fund Group.  In its default judgment, the trial court
awarded appellees $258,400 in economic damages, $775,200 in exemplary damages,
and $5,000 in attorneys= fees.  We affirm.[1]

Appellees
entered into an agreement with appellant in which appellees would deposit funds
with appellant and appellant guaranteed that the deposit would be returned in
full with 12 percent interest after the original deposit had doubled in
value.  Moreover, appellant guaranteed
that appellees would be returned 25 percent of the deposit each quarter.  Appellees invested a total of $346,000 with
appellant but only received $87,600 in return rather than a full return of the
deposit with interest.  Appellees
demanded the return of their respective deposits, but none of the money
invested was returned to them by appellant.








Appellees
filed their original petition on October 1, 1999.  Counsel for the parties agreed that appellant need not file an
answer to the lawsuit while negotiations were taking place and that appellant=s counsel would be given five-days notice
before any action was taken by appellees. 
Counsel for appellees gave appellant the five-day  notice on March 29, 2000.  However, appellant did not file an answer,
nor did he take any other action.  The
trial court granted a default judgment against appellant on June 29, 2000.

Appellant
filed a motion for new trial on July 28, 2000. 
Following a hearing, the trial court denied appellant=s motion. 


Appellant
argues that the trial court (1) lacked personal jurisdiction because of
defective service, (2) abused its discretion in denying the motion for new
trial, (3) abused its discretion in awarding exemplary damages three times the
actual damage award, (4) violated the United States and Texas constitutional
provisions on excessive fines, and (5) did not have sufficient basis from the
allegations in the original petition to support a default judgment.

                                                                Service
of Process

In his
first issue on appeal, appellant contends that service of process upon Konkel
did not meet the strict standards required by the Texas Rules of Civil
Procedure. Therefore, he argues that the default judgment was void and that the
trial court abused its discretion in not granting a new trial on legal
grounds.  A trial court commits an abuse
of discretion when it reaches a decision that is arbitrary or
unreasonable.  See Walker v. Packer, 827
S.W.2d 833, 839 (Tex.1992)(orig. proceeding). 
An abuse of discretion occurs when the trial court fails to correctly
analyze or apply the law.  See Walker v.
Packer, supra at 840.

An
out-of-state defendant may be served by any neutral person in accordance with
Texas procedures.  See TEX.R.CIV.P. 106,
107, & 108.  Appellant contends that
the return of citation does not identify the particular person who was
served.  The return of service is as
follows: 

Received these papers on the 8th day of
October, 1999 at 1:03 pm to be served on MICHAEL JAMES KONKEL dba Venture Fund
Group at 909 C Whispering Way, Cottage Grove, Wisconsin 53527.  I, Deputy D. Abing, being duly sworn,
depose and say that on the 20th day of October, 1999 at 2:41 p.m., executed
service by delivering a true copy of the Citation and Plaintiff=s Original Petition in accordance with state statutes in the
manner marked below:

 

(X) INDIVIDUAL SERVICE: Served the
within-named person.  (Emphasis in
original)

 








We believe
a fair reading of the citation and affidavit of service completed by Wisconsin
authorities clearly shows that Michael James Konkel was the individual to be
served and was the individual who was served with the citation and the original
petition.  The return is prima facie
evidence of service even though the facts required under the Texas Rules of
Civil Procedure are Arecited
in a form rather than filled in by the officer.@  Primate Construction, Inc. v.
Silver, 884 S.W.2d 151, 152-53 (Tex.1994). 
Appellant=s first issue on appeal is overruled.

Motion
for New Trial

In his
second issue on appeal, appellant argues that he was entitled to equitable
relief in connection with his motion for new trial.  An equitable motion for new trial must be granted:

[I]n any case in which the failure of the
defendant to answer before judgment was not intentional, or the result of
conscious indifference...but was due to a mistake or an accident; provided the
motion for a new trial sets up a meritorious defense and is filed at a time
when the granting thereof will occasion no delay or otherwise work an injury to
the plaintiff.

 

Craddock v. Sunshine Bus
Lines, 133 S.W.2d 124, 126 (Tex.1939). 
A trial court abuses its discretion by not granting a new trial when all
elements of the Craddock test are fulfilled.  See Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85
(Tex.1992).  Here, the trial court did
not abuse its discretion in denying appellant=s motion for new trial because all of the elements of the Craddock
test were not met. 

First,
appellant=s failure to file an answer in the period
prescribed by the Texas Rules of Civil Procedure or pursuant to an agreement
with appellees was not an Aaccident or mistake.@  Craddock v. Sunshine Bus
Lines, supra at 126.   Appellees= counsel notified appellant=s counsel by letter sent by certified mail,
return receipt requested, that appellant=s answer was due within five days in accordance with the
agreement.  Approximately three months
went by, and appellant still failed to file an answer.  The Aknowledge and acts@ of appellant and appellant=s failure to disprove the facts set forth by appellees show that
appellant acted intentionally or with conscious indifference.  Strackbein v. Prewitt, 671 S.W.2d 37, 38-39
(Tex.1984).  








Next,
appellant was also required to set up a meritorious defense.  A meritorious defense is set up by the Afacts alleged in the [appellant=s] motion and supporting affidavits,
regardless of whether those facts are controverted.@ 
Director, State Employees Workers= Compensation Division v. Evans, 889 S.W.2d 266, 270 (Tex.1994).  In his motion for new trial, appellant makes
the broad assertion that he Ahas a meritorious defense.@  The supporting affidavit is
made by counsel for appellant. 
Appellant did not offer his own affidavit.  In the supporting affidavit, appellant=s counsel merely states what he believes
appellant disputes and where appellant believes the funds collected from
appellees were forwarded.  The affidavit
is devoid of facts propounding a meritorious defense.  Mere allegations of beliefs are insufficient to set up a
meritorious defense.  See Director,
State Employees Workers= Compensation Division v. Evans, supra at 270 (setting up a meritorious
defense is based on facts alleged in the motion for new trial and
supporting affidavits). 

Finally,
appellant must show that the granting of a new trial will not cause delay or
other injury to appellees.  See Craddock
v. Sunshine Bus Lines, supra at 126. 
Factors in determining delay or injury are: (1) offering to go to trial
immediately and (2) reimbursing expenses in obtaining the default
judgment.  See Director, State Employees
Workers= Compensation Division v. Evans, supra at
270.  Appellant merely states in his
motion for new trial that granting the motion will Acause neither delay nor injury@ to appellees.  This broad statement does not satisfy the requirements of Craddock.

Appellant
did not meet any of the three prongs of the Craddock test.  Because appellant did not satisfy any of the
Craddock elements, the trial court did not abuse its discretion in
denying his motion for new trial. 
Appellant=s second issue on appeal is overruled.

                                                               Exemplary
Damages

Exemplary
damages are limited to the greater of (1) two times the economic damages plus
an amount equal to any noneconomic damages found by the trial court, not to
exceed $750,000; or (2) $200,000. 
TEX. CIV. PRAC. & REM. CODE ANN. ' 41.008(b) (Vernon 1997).  This
is the maximum amount of exemplary damages the trial court can award unless an
exception is met under TEX. CIV. PRAC. & REM. CODE ANN. ' 41.008(c) (Vernon 1997).  An exception to the limitation on amount of
recovery of exemplary damages is when there has been a  misapplication of fiduciary property as
defined in TEX. PENAL CODE ANN. ' 32.45 (Vernon Supp. 2001). 
Section 41.008(c)(10).

The Texas
Penal Code provides a non-exclusive definition of Afiduciary.@  Section 32.45(a)(1) states:

(a) For
purposes of this Section:

(1) AFiduciary@ includes:

 








(A) trustee, guardian,
administrator, executor, conservator, and receiver;

 

(B) any other person
acting in a fiduciary capacity, but not [usually] a commercial bailee...and

 

(C) an officer, manager,
employee, or agent carrying on fiduciary functions on behalf of a fiduciary.

 

Appellant
is correct in his contention that the original petition did not contain words
such as trustee, guardian, administrator, executor, conservator, or
receiver.  However, Afiduciary@ is not construed in such a strict manner.  See Coplin v. State, 585 S.W.2d 734, 735 (Tex.Cr.App.1979).  In Coplin, the court held that Aany other person acting in a fiduciary
capacity, embraces any fiduciary, including a joint venturer or partner, not
enumerated in@ Section 32.45(a)(1)(A).  Coplin v. State, supra at 735.              A
person acts in a fiduciary capacity:

[W]hen the business which
he transacts, or the money or property which he handles, is not his or for his
own benefit, but for the benefit of another person as to whom he stands in a
relation implying and necessitating great confidence and trust on the one part
and a high degree of good faith on the other part.  

 

Gonzalez
v. State, 954 S.W.2d 98, 103 (Tex.App. B San Antonio 1997, no writ), citing to BLACK=S LAW DICTIONARY 625 (6th ed. 1990).  Appellant was handling investments for
appellees.  Appellant took large sums of
money from appellees and promised a high return on their investment.  Because appellees presented adequate proof
of misapplication of fiduciary property, the trial court did not abuse its
discretion in awarding the exemplary damages.








Appellant
also claims violations of the United States and Texas Constitutions.  Appellant argues for the first time on
appeal that the exemplary damages are excessive fines and, thus, violate both
constitutions.  In order to present a
claim to an appellate court for review, it must be apparent from the record that
a timely request, objection, or motion was made and a ruling obtained.  TEX.R.APP.P. 33.1(a).   A constitutional claim can be waived if it
is not presented to the trial court. 
See Hernandez v. State Bar of Texas, 812 S.W.2d 75, 78 (Tex.App. B Corpus Christi 1991, no writ).  Because the constitutional argument was not
presented to the trial court, this issue has not been preserved for appellate
review.  See Rule 33.1(a); see also
Miller Paper Company v. Roberts Paper Company, 901 S.W.2d 593, 600 (Tex.App. B Amarillo 1995, no writ).  Appellant=s third, fourth, and fifth issues on appeal are overruled.

                                                        Allegations
in Original Petition

Appellant
contends that the allegations in appellees= original petition are insufficient to support a default judgment.  A petition will support a default judgment unless
(1) the cause of action  pleaded is not
within the jurisdiction of the court, (2) the petition fails to give fair
notice, or (3) the petition shows the claim is invalid.  See Paramount Pipe & Supply Co., Inc. v.
Muhr, 749 S.W.2d 491, 494 (Tex.1988). 
In this case, none of the three conditions exist.  Appellees= petition supports the default judgment.  Appellant=s sixth issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

October 25, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]Appellees have asked this court to order that the
appellate record be supplemented to include proceedings in a criminal case
filed against appellant.  In their
motion, appellees allege that on September 10, 2001, appellant pleaded guilty
to fraudulent securities sales and misapplication of fiduciary property arising
out of the same circumstances involved in this case.  Because this guilty plea was not before the trial court when it
made its decision in the case before us, we deny the motion.