Derek Franklin **LITTLE**, Appellant,

v.

Mary Potts **LITTLE**, Appellee.

No. 05–84–00986–CV.

Court of Appeals of Texas,
Dallas.

May 16, 1985.

Rehearing Denied June 13, 1985.

John V. McShane, Debra Lerner, Dallas, for appellant.

Richard B. Tanner, Plano, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

This is an appeal from a default judgment granting appellee, Mary Potts Little, a divorce from appellant, Derek Franklin Little and granting appellee managing conservatorship of the parties' minor child. Appellant contends that the trial court abused its discretion in denying his timely motion for new trial. We agree. Accordingly, we reverse the judgment of the trial court and remand the case for a new trial. However, because appellant has not challenged that part of the judgment granting the divorce and division of property, the new trial of this case is limited to the conservatorship issue.

To have a default judgment set aside, the court in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939), held that appellant must meet a three-pronged test:

(1) he must show that his failure to answer was the result of accident or mistake, not conscious indifference or disregard;

(2) he must show a meritorious defense; and

(3) he must offer to go to trial immediately and show that appellee will not be harmed (e.g. by offering to pay appellee's expenses).

Reviewing the record, we find ample evidence that appellant met the first two prongs of the test. Appellant's counsel testified that appellant was very diligent and that the failure to answer was "an accident that Mr. Little had no control over". And, appellant testified that appellee was involved in an adulterous affair and substance abuse. He also testified that she was a bad parent and was cruel, violent, unstable and suicidal. When appellant's counsel asked for details, appellee objected. The court held that no further presentation of evidence was necessary. Evidently, the court considered the meritorious defense established.

■ There is no showing, however, that appellant met the third prong of the *Craddock* test. Citing *C___ v. C___,* 534

S.W.2d 359 (Tex.Civ.App.—Dallas, 1976, no writ), appellant argues that the best interests of the child should be our paramount concern and should override the *Craddock* test. In *C____ v. C____*, we held that public policy mandates a relaxation of the rules for granting a new trial in child custody proceedings when the evidence strongly shows that the original custody order would have a seriously adverse effect on the interest and welfare of the child. 534 S.W.2d at 362. Although *C____ v. C____* was not a default judgment case as is the instant case, we agree that its reasoning nonetheless applies. Extending *C____ v. C____* to its logical conclusion, we hold that the best interests of the child override strict application of the *Craddock* test.

While it would have been the better practice for appellant to offer to go to trial and show that appellee would not be harmed, we hold that in this case the evidence that the child's best interest was not served by the original conservatorship order was strong enough to require the court to grant the motion for new trial so that this issue could be fully and fairly litigated especially since the court took the meritorious defense as established. Accordingly, we reverse and remand the case for a new trial on the conservatorship issue.

Costs taxed against appellee, Mary Potts Little.

HOWELL, J., not voting.