**Maria Isabel MARTINEZ, Appellant,**

v.

**Daniel Ruel MARTINEZ, Appellee**

**No. 14–03–01447–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 30, 2004.

---

Shawn Russel Casey, Houston, for appellant.

Karen Malm Taylor, Katy, T. Wade Christiansen, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and SEYMORE.

## MAJORITY OPINION

HEDGES, Chief Justice.

Appellant Maria Isabel Martinez appeals from the default judgment entered by the trial court against her and in favor of appellee Daniel Ruel Martinez on August 29, 2003. We affirm.

Appellant presents two issues for review in this appeal. She argues that the trial court erred because (1) it failed to set aside the default judgment entered against her under the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (Com.App.1939), and (2) the final divorce decree erroneously appoints appellee managing conservator with the exclusive authority to determine, *inter alia*, the domicile of the couple's three minor children in violation of Section 153.004 of the Texas Family Code.

## Background

Appellant and appellee married in May of 1999; their three children were born in July 1999, August 2000, and November 2001. The marriage was a turbulent one. Maria made several allegations of abuse, which lead to Daniel receiving treatment for anger management. In July of 2002, Maria left the three children in the care of Daniel and her mother to attend chiropractic school in Iowa. In April of 2003, allegedly acting on her suspicion that Daniel had abused one of her daughters, Maria took the children from Texas to Iowa. Maria then filed a motion for protective order in Iowa family court on April 30; she also attempted to file for divorce on May 14 in Iowa but did not meet the residency requirements for filing for divorce in that state. Daniel had filed for divorce in Tex-

as on May 12. On August 29, the district court in Fort Bend County entered a default judgment in favor of Daniel, awarding him joint managing conservatorship and the authority to determine the domicile of the three children. Maria argues her failure to appear or answer in the Texas suit resulted from incorrect advice from her Texas attorney and that the decree violates the provisions of Section 153.004 of the Texas Family Code. We will address each issue in turn.

## The Default Judgment and *Craddock*

In her first issue, appellant argues that the trial court erred in failing to set aside the default judgment entered against her under the test articulated in *Craddock*, 133 S.W.2d at 126. We disagree.

Under the *Craddock* test, a default judgment should be set aside and a new trial ordered in any case in which

(1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but due to a mistake or accident; provided the motion for new trial (2) sets up a meritorious defense and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing that the trial court abused its discretion. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

Although the *Craddock* test has been routinely applied to suits affecting the parent-child relationship (SAPCRs) by appel-

late courts in Texas,[1] this court has previously noted its discomfort in doing so in *Lowe v. Lowe*, 971 S.W.2d 720, 725–26 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) ("*Craddock* does not inquire into the child's interests and leaves no maneuvering room for a judge to consider the child's interests."). *See also Comanche Nation v. Fox*, 128 S.W.3d 745, 749–50 (Tex.App.-Austin 2004, no pet.) ("*Craddock* does not fit well into the context of a consideration of the best interests of the child."). While the courts in *Lowe* and *Comanche Nation* have expressed their hesitance to apply *Craddock* to SAPCRs, absent contrary direction from the Texas Supreme Court, we remain bound to apply *Craddock*, albeit liberally. *See Comanche Nation*, 128 S.W.3d at 750 (citing *Sexton v. Sexton*, 737 S.W.2d 131, 133 (Tex.App.-San Antonio 1987, no writ); *Little v. Little*, 705 S.W.2d 153, 154 (Tex.App.-Dallas 1985, writ dism'd); *C. v. C.*, 534 S.W.2d 359, 361 (Tex.App.-Dallas 1976, writ dism'd)).

Under the first prong of the *Craddock* test, the trial court was required to determine whether appellant's failure to answer before judgment was rendered was either unintentional or the result of conscious indifference on her part. 133 S.W.2d at 126. In making this determination, a court must look to the knowledge and acts of the defendant. *Evans*, 889 S.W.2d at 269. If a defendant's factual assertions are not controverted by the plaintiff, the defendant satisfies her burden if she has set forth facts which, if true, negate a finding of intentional or consciously indifferent conduct. *Id.* The court reviews the entire record in determining whether the defaulting party's assertions are controverted. *Id.* In acting as factfinder, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Olin Corp. v. Smith*, 990 S.W.2d 789, 797–98 (Tex.App.-Austin 1999, pet. denied).

The evidence presented to the trial court raises an issue of fact as to whether appellant's conduct in failing to answer appellee's petition was intentional or consciously indifferent. Appellant claims that her failure to answer appellee's petition was due to the advice provided by her lawyer, Bruce Zivley, that she had been improperly served and that no answer was therefore required. Appellee, however, presented evidence that appellant's failure to answer was due not to Zivley's advice, but to appellant's own neglect and indifference.

Harold J. Dane, who represented appellee in a separate divorce proceeding commenced by appellant in an Iowa court, testified that he personally handed a copy of the Texas divorce petition filed by appellee on May 14, 2003 to appellant, and that he personally observed appellant review appellee's petition on that date. The record reflects that appellant was formally served with appellee's divorce petition on July 18, 2003. Appellant testified that she was aware of the Texas divorce petition as early as May 2003, and that she had spoken to five different lawyers concerning the divorce proceedings since she had moved back to Iowa in April 2003. Appellant also testified that she never (1) asked Zivley to file an answer, (2) asked to see a copy of the answer to be filed, (3) contacted the trial court to see if an answer had been filed, or (4) asked friends or family residing in the area where the trial court was located to check on the progress of the case. Zivley testified that appellant did not tell him during their July 18 conversation that she had been served that same day, and never mentioned in any of their

1. *See, e.g., In re R.H.*, 75 S.W.3d 126, 130 (Tex.App.-San Antonio 2002, no pet.); *In re A.P.P.*, 74 S.W.3d 570, 573 (Tex.App.-Corpus Christi 2002, no pet.).

subsequent conversations that she had been served at all.

Although there exists conflicting evidence in this case, the trial court remains the final judge of the credibility of witnesses. *Olin Corp. v. Smith*, 990 S.W.2d at 797–98. Based on the evidence above, the trial court could have reasonably concluded that the cause of appellant's failure to answer was not the advice of her lawyer, but her own neglect and indifference. Therefore, the trial court did not abuse its discretion in denying appellant's motion for new trial as it could have reasonably found that appellant failed to satisfy the first prong of the *Craddock* test. *See Freeman v. Pevehouse*, 79 S.W.3d 637, 648 (Tex.App.-Waco 2002, no pet.).

Accordingly, appellant's first issue is overruled.

**Family Code Section 153.004**

■ In her second issue, appellant argues that the trial court erred because the final divorce decree violates the provisions of Section 153.004 of the Family Code.[2] Appellee contends that appellant has waived this issue on appeal because she failed to raise these statutory provisions in the court below. We agree with appellee's contention.

Our review of the record reflects the fact that all of appellant's arguments and evidence of abuse before the trial court[3] were addressed to the issue of whether the appointment of appellee as joint managing conservator was in the best interests of the couple's children under Section 153.002 of the Family Code.[4] No mention of any of the provisions in Section 153.004 was made by either party in the court below, and the statements made by the trial judge at the November 11, 2003 hearing reflect that he was not aware of any potential application that those provisions may have had to the facts before him. Because appellant was required to present to the trial court the specific legal basis for the argument she now raises on appeal, and the record does not reflect that the grounds were apparent to the trial judge from the context of appellant's motion for new trial, we hold that appellant has failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a). Accordingly, appellant's second issue is overruled.

The judgment of the trial court is affirmed.

WANDA McKEE FOWLER, J., concur.

FOWLER, J., concurring.

I join the majority opinion. However, I write separately because I believe the *Craddock* test, used by courts to determine if a default judgment should be set aside, is ill suited for resolving any issue in a suit

---

2. That Section provides in relevant part:

(b) The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child, including a sexual assault in violation of Section 22.011 or 22.021, Penal Code, that results in the other parent becoming pregnant with the child....

TEX. FAM. CODE ANN. § 153.004 (Vernon Supp.2004)

3. Because the case was disposed of originally through default judgment, no evidence was introduced and no arguments were made at trial; instead, the evidence and arguments referred to above were introduced during appellant's second motion for a new trial.

4. That Section provides: "The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002 (Vernon 2002).

affecting the parent-child relationship (SAPCR).

This is not the first time we have encountered this problem. We also addressed it in *Lowe v. Lowe,* 971 S.W.2d 720, 725–27 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). There we discussed a number of reasons *Craddock* should not apply to a SAPCR:

1. *Craddock* was designed to apply to traditional civil litigation involving only two competing interests. In cases involving the parent-child relationship, three interests often are involved: the mother's, the father's, and the child's. *Lowe,* 971 S.W.2d at 725.

2. *Craddock* does not give the court the flexibility to even *consider* the one interest of paramount importance in a suit involving the parent-child relationship: the child's best interest. TEX. FAM. CODE § 153.002; *Lowe,* 971 S.W.2d at 725.

3. *Craddock* assumes an adversarial context, yet the Family Code has shed its adversarial trappings. *See, e.g.,* TEX. FAM. CODE § 102.008 (stating that a petition involving the parent-child relationship is styled "In the Interest of _____, a Child"); TEX. FAM. CODE § 6.401 (stating that a petition to end the marital relationship is entitled "In the Matter of the Marriage of _____ and _____"); *see also* TEX. FAM. CODE § 153.007 (stating provision was designed to promote amicable settlements concerning conservatorship); TEX. FAM. CODE § 153.0071 (providing that the parents can agree to use dispute resolution procedures); TEX. FAM. CODE § 153.0072 (providing that the parties in a suit involving the parent-child relationship can agree to resort to collaborative law procedures); *Lowe,* 971 S.W.2d at 726.

4. The second prong of *Craddock* requires the court to determine if the defendant has a meritorious defense to the suit. That determination does not fit well in the parent-child context for, in a custody dispute, there are no true defenses. The goal of the court is to reach an outcome that is in the best interests of the child. TEX. FAM. CODE § 153.002; *Lowe,* 971 S.W.2d at 726.

These problems underscore the need for a new test. The courts of this state have already implicitly acknowledged the problem. For example, the majority mentions that some courts apply *Craddock* "liberally" when reviewing a default judgment entered in a SAPCR. *See, e.g., Comanche Nation v. Fox,* 128 S.W.3d 745, 749–50 (Tex.App.-Austin 2004, no pet.). However, for the reasons already stated, applying *Craddock* liberally is a very poor substitute for fashioning a new, more appropriate rule.

For all of these reasons, I urge the Texas Supreme Court to discard the *Craddock* rule and adopt a new rule for use in suits involving the parent-child relationship or urge the Family Bar to propose a more appropriate rule to use in this context, and I concur in the court's opinion.