Affirmed and Majority and Concurring Opinions filed November 30, 2004









Affirmed
and Majority and Concurring Opinions filed November 30, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01447-CV

____________

 

MARIA ISABEL
MARTINEZ,
Appellant

 

V.

 

DANIEL RUEL
MARTINEZ,
Appellee

 



 

On Appeal from the 328th
District Court

Fort Bend County, Texas

Trial Court Cause No. 03-CV-129866

 



 

M A J O R I T Y   O P I N I O N

Appellant Maria Isabel Martinez appeals
from the default judgment entered by the trial court against her and in favor
of appellee Daniel Ruel Martinez on August 29, 2003. We affirm.








Appellant presents two issues for review
in this appeal.  She argues that the
trial court erred because (1) it failed to set aside the default judgment
entered against her under the test articulated in Craddock v. Sunshine Bus
Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124, 126 (Tex. 1939), and (2)
the final divorce decree erroneously appoints appellee managing conservator
with the exclusive authority to determine, inter alia, the domicile of
the couple’s three minor children in violation of Section 153.004 of the Texas
Family Code. 

Background

Appellant and appellee married in May of
1999; their three children were born in July 1999, August 2000, and November
2001.  The marriage was a turbulent
one.  Maria made several allegations of
abuse, which lead to Daniel receiving treatment for anger management.  In July of 2002, Maria left the three
children in the care of Daniel and her mother to attend chiropractic school in
Iowa.  In April of 2003, allegedly acting
on her suspicion that Daniel had abused one of her daughters, Maria took the
children from Texas to Iowa.  Maria then
filed a motion for protective order in Iowa family court on April 30; she also
attempted to file for divorce on May 14 in Iowa but did not meet the residency
requirements for filing for divorce in that state.  Daniel had filed for divorce in Texas on May
12.  On August 29, the district court in
Fort Bend County entered a default judgment in favor of Daniel, awarding him
joint managing conservatorship and the authority to determine the domicile of
the three children.  Maria argues her
failure to appear or answer in the Texas suit resulted from incorrect advice
from her Texas attorney and that the decree violates the provisions of Section
153.004 of the Texas Family Code.  We
will address each issue in turn.

The Default Judgment and Craddock

In her first issue, appellant argues that
the trial court erred in failing to set aside the default judgment entered
against her under the test articulated in Craddock, 133 S.W.2d at
126.  We disagree.

Under the Craddock test, a default
judgment should be set aside and a new trial ordered in any case in which

(1) the failure of the defendant to
answer before judgment was not intentional or the result of conscious
indifference on his part, but due to a mistake or accident; provided the motion
for new trial (2) sets up a meritorious defense and (3) is filed at a time when
the granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.








Id.  A motion for
new trial is addressed to the trial court’s discretion and the court’s ruling
will not be disturbed on appeal in the absence of a showing that the trial
court abused its discretion.  Director,
State Employees Workers’ Compensation Div. v. Evans, 889 S.W.2d 266, 268
(Tex. 1994).

Although the Craddock test has been
routinely applied to suits affecting the parent-child relationship (SAPCRs) by
appellate courts in Texas,[1]
this court has previously noted its discomfort in doing so in Lowe v. Lowe,
971 S.W.2d 720, 725-26 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (“Craddock
does not inquire into the child’s interests and leaves no maneuvering room for
a judge to consider the child’s interests.”). 
See also Comanche Nation v. Fox, 128 S.W.3d 745, 749-50 (Tex.
App.—Austin 2004, no pet.) (“Craddock does not fit well into the context
of a consideration of the best interests of the child.”).  While the courts in Lowe and Comanche
Nation have expressed their hesitance to apply Craddock to SAPCRs,
absent contrary direction from the Texas Supreme Court, we remain bound to
apply Craddock, albeit liberally. 
See Comanche Nation, 128 S.W.3d at 750 (citing Sexton v.
Sexton, 737 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ); Little
v. Little, 705 S.W.2d 153, 154 (Tex. App.—Dallas 1985, writ dism’d); C.
v. C., 534 S.W.2d 359, 361 (Tex. App.—Dallas 1976, writ dism’d)).








Under the first prong of the Craddock
test, the trial court was required to determine whether appellant’s failure to
answer before judgment was rendered was either unintentional or the result of
conscious indifference on her part. 133 S.W.2d at 126.  In making this determination, a court must
look to the knowledge and acts of the defendant. Evans, 889 S.W.2d at
269.  If a defendant’s factual assertions
are not controverted by the plaintiff, the defendant satisfies her burden if
she has set forth facts which, if true, negate a finding of intentional or
consciously indifferent conduct.  Id.  The court reviews the entire record in
determining whether the defaulting party’s assertions are controverted.  Id.  In acting as fact-finder, the trial court is
the sole judge of the credibility of the witnesses and the weight to be given
to their testimony.  Olin Corp. v. Smith, 990 S.W.2d 789, 797‑98 (Tex.
App.—Austin  1999, pet. denied).

The evidence presented to the trial court
raises an issue of fact as to whether appellant’s conduct in failing to answer
appellee’s petition was intentional or consciously indifferent.  Appellant claims that her failure to answer
appellee’s petition was due to the advice provided by her lawyer, Bruce Zivley,
that she had been improperly served and that no answer was therefore
required.  Appellee, however, presented
evidence that appellant’s failure to answer was due not to Zivley’s advice, but
to appellant’s own neglect and indifference.

Harold J. Dane, who represented appellee
in a separate divorce proceeding commenced by appellant in an Iowa court,
testified that he personally handed a copy of the Texas divorce petition filed
by appellee on May 14, 2003 to appellant, and that he personally observed
appellant review appellee’s petition on that date.  The record reflects that appellant was
formally served with appellee’s divorce petition on July 18, 2003.  Appellant testified that she was aware of the
Texas divorce petition as early as May 2003, and that she had spoken to five
different lawyers concerning the divorce proceedings since she had moved back
to Iowa in April 2003.  Appellant also
testified that she never (1) asked Zivley to file an answer, (2) asked to see a
copy of the answer to be filed, (3) contacted the trial court to see if an
answer had been filed, or (4) asked friends or family residing in the area
where the trial court was located to check on the progress of the case.  Zivley testified that appellant did not tell
him during their July 18 conversation that she had been served that same day,
and never mentioned in any of their subsequent conversations that she had been
served at all.








Although there exists conflicting evidence
in this case, the trial court remains the final judge of the credibility of
witnesses.  Olin Corp. v. Smith,
990 S.W.2d at 797-98.  Based on the
evidence above, the trial court could have reasonably concluded that the cause
of appellant’s failure to answer was not the advice of her lawyer, but her own
neglect and indifference.  Therefore, the
trial court did not abuse its discretion in denying appellant’s motion for new
trial as it could have reasonably found that appellant failed to satisfy the
first prong of the Craddock test. See Freeman v. Pevehouse, 79
S.W.3d 637, 648 (Tex. App.—Waco 2002, no pet.). 


Accordingly, appellant’s first issue is
overruled.

Family Code Section 153.004

In her second issue, appellant argues that
the trial court erred because the final divorce decree violates the provisions
of Section 153.004 of the Family Code.[2]  Appellee contends that appellant has waived
this issue on appeal because she failed to raise these statutory provisions in
the court below.  We agree with
appellee’s contention.








Our review of the record reflects the fact
that all of appellant’s arguments and evidence of abuse before the trial court[3]
were addressed to the issue of whether the appointment of appellee as joint
managing conservator was in the best interests of the couple’s children under
Section 153.002 of the Family Code.[4]  No mention of any of the provisions in
Section 153.004 was made by either party in the court below, and the statements
made by the trial judge at the November 11, 2003 hearing reflect that he was
not aware of any potential application that those provisions may have had to
the facts before him.  Because appellant
was required to present to the trial court the specific legal basis for the
argument she now raises on appeal, and the record does not reflect that the
grounds were apparent to the trial judge from the context of appellant’s motion
for new trial, we hold that appellant has failed to preserve this issue for
appellate review. See Tex. R.
App. P. 33.1(a).  Accordingly,
appellant’s second issue is overruled.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered
and Opinion filed November 30, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.











[1]  See, e.g.,
In re R.H., 75 S.W.3d 126, 130 (Tex. App.—San Antonio 2002, no pet.); In
re A.P.P., 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002, no pet.).





[2]  That Section
provides in relevant part:

(b)        The court may not appoint joint managing conservators if
credible evidence is presented of a history or pattern of past or present child
neglect, or physical or sexual abuse by one parent directed against the other
parent, a spouse, or a child, including a sexual assault in violation of
Section 22.011 or 22.021, Penal Code, that results in the other parent becoming
pregnant with the child. . . . 

Tex. Fam. Code Ann. § 153.004 (Vernon Supp. 2004)





[3]  Because the
case was disposed of originally through default judgment, no evidence was  introduced and no arguments were made at
trial; instead, the evidence and arguments referred to above were introduced
during appellant’s second motion for a new trial.





[4]  That Section
provides: “The best interest of the child shall always be the primary
consideration of the court in determining the issues of conservatorship and
possession of and access to the child.” Tex.
Fam. Code Ann. § 153.002 (Vernon 2002).