Reversed and Remanded in Part and Affirmed in Part and Memorandum
Opinion filed March 29, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-01092-CV



Patrick B.
Alexander, Appellant 

v.

Josephine
Alexander, Appellee 



On Appeal from
the 246th District Court

Harris County, Texas

Trial Court
Cause No. 2009-14505



 

MEMORANDUM OPINION 

            In
this appeal from a post-answer default judgment of divorce, appellant Patrick
B. Alexander contends the trial court erred by denying his motion for new trial
because his failure to appear for trial was unintentional, he has a meritorious
defense, and granting the motion would not cause undue delay or injury to
appellee Josephine Alexander.  Additionally, he contends the evidence is
legally insufficient to support the judgment dividing the property, providing
spousal maintenance, and awarding attorney’s fees to Josephine.  Because we
agree that the evidence is legally insufficient to support those portions of
the judgment, we reverse in part and remand this case to the trial court for
further proceedings consistent with this opinion.  We affirm the remainder of
the judgment.

I

            Josephine
and Patrick were married in 1984 and had three children.[1]  The
parties separated in January 2004.[2] 
Josephine filed for divorce in April 2009, and Patrick filed an answer.  The
case was set for trial in September 2009, but the parties entered into a Rule
11 agreement to reset the case for November 9, 2009.[3]  Josephine also
amended her petition for divorce.  

            On
November 9, 2009, Josephine and her attorney, Ms. Karen George-Baunchand,
appeared for trial.  Neither Patrick nor his attorney, Ms. Bonnie Fitch,
appeared for trial.  At the trial court’s instruction, the court coordinator to
attempt to contact Ms. Fitch, but she did not answer the phone.  Ms.
George-Baunchand represented that her office also had attempted to contact
Fitch, but without success.  The trial court granted Josephine a divorce by
default judgment at the conclusion of the hearing, and signed a final decree of
divorce on November 20, 2009.  

            The
day after the trial, on November 10, 2009, Patrick moved to set aside the
default judgment.  In the motion, Patrick asserted that both parties’ attorneys
had agreed to reset the trial date to February 8, 2010, and Josephine’s
attorney, Ms. George-Baunchand, was to confirm the date with the court and to prepare
and file a Rule 11 agreement to be signed with Fitch’s permission.  The motion
was supported by Ms. Fitch’s affidavit.  Patrick also filed a motion for new
trial, which was supported by a similar affidavit by Ms. Fitch.

            In
response, Josephine filed a motion opposing Patrick’s motion to set aside the
default judgment and for new trial.  Josephine’s motion was supported by
several affidavits controverting Ms. Fitch’s statements.  First, Ms.
George-Baunchand averred that Fitch called her on November 5 and requested a
continuance because she had not heard from her client in two or three months
and had been unable to reach him.  George-Baunchand told Fitch that she would
agree to a continuance if Josephine did not object.  George-Baunchand’s legal
assistant, Michele Hardy, attempted to contact Josephine, but was unable to
reach her and so left her a message to call George-Baunchand.  Josephine
returned the call later that night, and told George-Baunchand that she refused
to agree to a continuance under any circumstances, and noted that Patrick and
his attorney had failed to appear on three earlier occasions.  Both
George-Baunchand and Hardy attempted to contact Fitch the next day to let her
know that Josephine would not agree to a continuance, but they were unable to
reach her.  Both Hardy and Josephine also provided supporting affidavits.

            On
December 1, 2009, the trial court held a hearing on the motion for new trial.  The
attorneys for both parties argued their positions, and Josephine, Patrick, and
Hardy testified.  At the conclusion of the hearing, the trial court noted that
the parties had a Rule 11 agreement setting a November 9 trial date, the court had
heard the case on that date, and neither the court coordinator nor Ms.
George-Baunchand were able to contact Fitch on that date.  The trial court then
overruled the motion for new trial.  This appeal followed.

II

            Patrick
first contends the trial court erred when it denied his motion for new trial
because his failure to appear was neither intentional nor amounted to conscious
indifference, he has a meritorious defense, and granting the motion would not
cause delay or otherwise injure Josephine.  Specifically, Patrick asserts that
his failure to appear for the November 9 trial date was due to the mistaken
belief that Josephine’s counsel wanted to reset the date to the next year
because she was scheduled to take two bar exams in other states and needed the
time to prepare.  Patrick points to Hardy’s testimony at the hearing on the
motion for new trial that Hardy overheard the conversation between Fitch and
George-Baunchand, which was on speakerphone, and recalled hearing
George-Baunchand state that she was preparing to take two bar exams in two
different states next year, and so would not be available for the remainder of
2009.  

A

            A
trial court’s order denying a motion to set aside a default judgment or for new
trial is reviewed under an abuse-of-discretion standard.  Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Martinez v. Martinez, 157
S.W.3d 467, 469 (Tex. App.—Houston [14th Dist.] 2004, no pet).  The trial court
abuses its discretion if it acts without reference to any guiding rules or
principles.  Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).

            In
Craddock v. Sunshine Bus Lines, Inc., the Texas Supreme Court outlined a
three-part test for determining whether a default judgment should be set aside
and a new trial ordered.  134 Tex. 388, 133 S.W.2d 124 (1939).  Under Craddock,
the defendant must demonstrate the following:  (1) his failure to appear was
not intentional or the result of conscious indifference; (2) there is a
meritorious defense; and (3) the granting of a new trial will not operate to
cause delay or injury to the opposing party.  Id. at 126; Ashworth v.
Brzoska, 274 S.W.3d 324, 328–29 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  The Craddock requirements apply to post-answer default
judgments.  Ivy v. Carrell, 407 S.W.2d 212, 214–15 (Tex. 1966).  The
trial court abuses its discretion in denying a motion for new trial if all of
the Craddock elements are met.  Bank One, Tex., N.A., v. Moody,
830 S.W.2d 81, 85 (Tex. 1992).

 

 

B

            Under
the first Craddock element, the trial court was required to determine
whether Patrick’s failure to appear at trial was either intentional or the
result of conscious indifference on his part.  See Craddock, 133 S.W.2d
at 126; Martinez, 157 S.W.3d at 470.  In making this determination, a
court must look to the knowledge and acts of the defendant.  Director, State
Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 269 (Tex. 1994). 
If the factual assertions in the defendant’s affidavit are not controverted by
the plaintiff, the defendant satisfies his burden if his affidavit sets forth
facts that, if true, negate intentional or consciously indifferent conduct by
the defendant.  Id.  In determining if the defendant’s factual
assertions are controverted, the court looks to all the evidence in the
record.  Id.  The trial court is the sole judge of the credibility of
the witnesses and the weight to be given to their testimony.  Martinez,
157 S.W.3d at 470.

            The
record reflects that that the parties had a Rule 11 agreement setting the trial
date for November 9, 2009, and, consistent with this agreement, the trial court
proceeded with the trial that day.  Fitch contends she understood that the
parties had agreed to reset the November 9 trial date and that George-Baunchand
would file a Rule 11 agreement to that effect.  George-Baunchand disputes that
there was any agreement to reset the trial date or that she would file any Rule
11 agreement.  Further, she contends it was Fitch who initially requested the
continuance because she had been unable to reach Patrick for some time.  Rule
11 provides:  “[u]nless otherwise provided in these rules, no agreement between
attorneys or parties touching any suit pending will be enforced unless it be in
writing, signed and filed with the papers as part of the record, or unless it
be made in open court and entered of record.”  Tex. R. Civ. P. 11.  The record
contains no Rule 11 agreement signed by the parties regarding the resetting of
the trial date from November 9 to a later date, and no such announcement was
made in open court.

            Conscious
indifference has been defined as the failure to take some action that would
seem obvious to a reasonable person under similar circumstances.  Prince v.
Prince, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995, no writ). 
Under these circumstances, it would seem obvious to a reasonable party seeking
or agreeing to reschedule a trial date to prepare or review and sign any Rule
11 agreement, or to at least confirm that the alleged Rule 11 agreement had
been filed before the start of the trial.  We cannot say that the trial court
abused its discretion in overruling the motion for new trial in the absence of
a Rule 11 agreement signed and filed with the court.  And although the evidence
is conflicting concerning whether the parties’ attorneys reached an agreement,
the trial court is the final judge of the witnesses’ credibility.  See
Martinez, 157 S.W.3d at 471.  The trial court could have reasonably
concluded that Fitch, not George-Baunchand, requested the continuance and that
George-Baunchand did not agree to any continuance because Josephine was opposed
to it.  Further, there is at least some evidence that Patrick was partially
responsible for his failure to appear, either intentionally or through
conscious indifference, based on George-Baunchand’s averment that Fitch sought
the continuance because she had been unable to reach Patrick for several months
and Josephine’s testimony that Fitch and Patrick had failed to appear in court
on three other occasions.  

            Thus,
under the facts of this case, the trial court could have determined that
Patrick failed to satisfy the first prong of the Craddock test, and
therefore the trial court did not abuse its discretion in overruling the motion
for new trial on this ground.

III

            Our
conclusion that the trial court did not abuse its discretion to the extent it
determined that Patrick failed to satisfy the Craddock test, however,
does not end our inquiry.  Although not raised as a separate issue, Patrick’s
briefing includes an argument, supported by authorities, that the evidence is
legally insufficient to support the trial court’s property division, the award
of spousal maintenance, and the award of attorney’s fees to Josephine.  On this
point, we agree.

            In
the divorce decree, Patrick was awarded the personal property and cash in his
possession or subject to his sole control, fifty percent of his retirement
benefits, and a vehicle.  Josephine was awarded the family home, all personal
possessions and cash in her possession or subject to her sole control, fifty
percent of Patrick’s retirement benefits, a vehicle, and all sums in any plans
or benefits existing by reason of her past, present, or future employment, as
well as any increases, proceeds, and rights related thereto.  The trial court
also divided the parties’ debts.  Additionally, the trial court ordered Patrick
to pay spousal maintenance of $1,200 per month and Josephine’s attorney’s fees
of $7,500.

            A
trial court may not render a post-answer default judgment based solely on the
plaintiff’s pleadings; the plaintiff is still required to offer evidence and
prove all aspects of her case.  Bradley Motors, Inc. v. Mackey, 878
S.W.2d 140, 141 (Tex. 1994).  When legally insufficient evidence supports a
default judgment, the proper remedy is remand, not rendition.  Dolgencorp of
Tex., Inc. v. Lerma, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam).

            At
trial, Josephine testified she and Patrick married in September 1984, and they
had three children who were now adults.  She also testified that Patrick
abandoned the family home in January 2004 for an adulterous relationship, and
he did not provide support to the family after that time.  Josephine asked to
be awarded the equity in her home and her vehicles, but she provided no
testimony or other financial information concerning the nature or value of the
parties’ property or debts.  The substance of Josephine’s testimony, including
matters not related to property division, spanned four pages.  George-Baunchand
informed the court that Josephine was also seeking spousal maintenance and back
child support, but she did not offer any evidence supporting these requests,
and we find none in the record.  Further, there was no testimony by either
Josephine or George-Baunchand concerning attorney’s fees incurred by Josephine,
and no other evidence presented on the attorney’s-fees issue.  

            On
this record, therefore, we agree that Josephine failed to present any evidence
to support the property division, the award of spousal maintenance, and the
award of attorney’s fees.  See Vazquez v. Vazquez, 292 S.W.3d 80,
85–86 (Tex. App.—Houston [14th Dist.] 2007, no pet.); Sandone v. Miller-Sandone,
116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.).  

            Accordingly,
we reverse those portions of the divorce decree addressing the division of the marital
estate, spousal maintenance, and attorney’s fees, and remand this case to the
trial court for further proceedings consistent with this opinion.  See Dolgencorp
of Tex., Inc., 288 S.W.3d at 930.  In all other respects, the trial court’s
judgment is affirmed.

IV

            Finally,
we address Josephine’s request that we impose sanctions on Patrick’s attorney,
Fitch, for filing a frivolous appeal.  Specifically, Josephine contends that
Fitch should be sanctioned for knowingly presenting false and misleading
information to the trial court and to this court.  Josephine also asserts that
George-Baunchand never told Fitch that she wanted the continuance because she
had applied to take the bar exam in other states.  To support her contention
that Fitch falsely represented that George-Baunchand was the one who wanted to
reset the case to the following February, Josephine directs us to a website she
contends shows that most other states’ bar exams occur in February.  Consequently,
she argues, it would be “stupid” for a person planning to take the bar exam in
February to request a February 8 trial setting.  

            If
this court determines an appeal is frivolous, it may, on its own initiative or
on motion of any party and after notice and a reasonable opportunity for
response, award each prevailing party just damages.  Tex. R. App. P. 45. 
Whether to grant sanctions for a frivolous appeal is a matter of discretion
that this court exercises with prudence and caution and only after careful
deliberation in truly egregious circumstances.  Goss v. Houston Cmty.
Newspapers, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).   This court has determined that in order to assess sanctions, we must
find the appeal to be both objectively frivolous and subjectively brought in
bad faith or for the purpose of delay.  See Azubuike v. Fiesta Mart, Inc.,
970 S.W.2d 60, 66 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

            As
discussed above, the attorneys presented conflicting evidence and arguments concerning
whether an agreement was reached to continue the November 9 trial date.  On
this record, we cannot say that this case demonstrates a “truly egregious
circumstance” warranting sanctions.  Our review of the record and the issues
presented does not show that this appeal was taken without sufficient cause and
for the purpose of delay.  Moreover, we have determined that Patrick’s appeal,
at least in part, is meritorious.  Therefore, we overrule Josephine’s request
for sanctions.

***

            Having
sustained Patrick’s issue in part, we reverse those portions of the trial
court’s judgment addressing the division of the marital estate, spousal
maintenance, and attorney’s fees, and remand the case for further proceedings
consistent with this opinion.  We affirm the remainder of the judgment.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

 









[1]
All of the children were adults at the time of the divorce.





[2]
Josephine testified that Patrick abandoned the family home because he was in a
adulterous relationship.





[3]
The Rule 11 agreement is not in the record, but the trial court referred to the
Rule 11 agreement when it set the case to be tried on November 9 by the
agreement of the parties’ attorneys.  Patrick’s attorney also acknowledges this
Rule 11 agreement in the hearing on the motion for new trial.