

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

―――――――――――――

No. 02-19-00021-CV

―――――――――――――

$2,442.00 CURRENT MONEY OF THE UNITED STATES, Appellant

V.

THE STATE OF TEXAS, Appellee

―――――――――――――――――――――――――――――――――――――――

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 18-8118-362

―――――――――――――――――――――――――――――――――――――――

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

James Crowder Jr. appeals the denial of his motion for new trial seeking to set aside a default judgment. We affirm.

## I. Background

On August 20, 2018, police executed a search warrant at a residence in Denton. In Crowder's bedroom, police found a digital scale, forty-four bags containing crack cocaine, and $1,705 in cash. Crowder had an additional $737 in his pocket. He was arrested the same day.

On September 5, 2018, the State petitioned for forfeiture of the money as contraband. *See* Tex. Code Crim. Proc. Ann. art. 59.02(a). Crowder did not answer, and the trial court rendered a default judgment of forfeiture on October 9, 2018.

On November 8, 2018, Crowder filed a motion for new trial. In his unsworn declaration, Crowder stated that he had won the money in question at a casino in Oklahoma. Crowder stated that he had remained in the county jail since his arrest, and he had been served with citation for the forfeiture suit while in jail. After he received notice of the default judgment, he asked his criminal defense counsel how to proceed. His counsel helped him file a belated answer and a motion for new trial, along with his unsworn declaration.

The focus of this appeal is whether Crowder has stated a valid excuse for failing to respond to the State's forfeiture action. In his declaration, Crowder explained that because he was not an attorney, he "did not understand the significance of any deadlines

2

contained in" the papers that were served on him, and he "did not possess the legal experience or knowledge of legal matters necessary to enable" him to file an answer. According to Crowder, he "simply did not understand what was required of [him] by the legal papers concerning the civil lawsuit." Crowder admitted that he had criminal defense counsel when he received the petition but that he failed to notify counsel of the forfeiture suit. Nonetheless, Crowder maintained, "My failure to timely file an answer to this suit was not intentional or the result of conscious indifference."

At the hearing on the motion for new trial, the State did not put on evidence to controvert Crowder's declaration. After reviewing Crowder's declaration, the trial court denied the motion for new trial. This appeal ensued.

## II. Discussion

In his sole issue, Crowder contends that the trial court erred by denying his motion. Crowder contends that he satisfied all three of the elements necessary to set aside a default judgment, and the trial court therefore abused its discretion in refusing a new trial.

We review a trial court's denial of a motion for new trial for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *Id.* at 114–15 (citing *Craddock*

3

*v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). The defendant's burden as to the first *Craddock* element has been satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012).

Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Id.* "When determining whether the defendant's failure to file an answer was intentional or due to conscious indifference, a court looks to the knowledge and acts of the defendant." *R.R.*, 209 S.W.3d at 115. Some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because he did not care. *Sutherland*, 376 S.W.3d at 755. However, not understanding a citation and then doing nothing following service does not constitute a mistake of law that is sufficient to meet the *Craddock* requirements. *R.R.*, 209 S.W.3d at 115.

The State maintains that Crowder failed to satisfy the first element of the *Craddock* test: offering a valid excuse for his failure to respond to the forfeiture action. According to the State, Crowder's explanation shows that he acted with conscious indifference, and denial of a new trial was therefore appropriate. We agree.

Crowder's sole explanation for not responding was that he was not an attorney and he did not understand the documents that were served upon him. But many people who are served with citation are not lawyers, and there was undisputed evidence

4

Crowder had access to an attorney who could have explained—and eventually did explain—the civil proceeding to him. Yet Crowder did not contact his attorney, even though the civil forfeiture action directly related to the arrest that led to his detention. Crowder offers no further justification for his failure to answer. This is therefore simply a case where a person did not understand the citation and did nothing following service. *See id. Compare One Thousand Three Hundred Fifty Four U.S. Dollars v. State*, No. 11-06-00310-CV, 2008 WL 802989, at \*2 (Tex. App.—Eastland Mar. 27, 2008, no pet.) (mem. op.) (finding conscious indifference in a forfeiture case where there was no explanation for inmate's inaction other than his lack of understanding), *with $8780.00 in U.S. Currency v. State*, No. 02-10-00241-CV, 2011 WL 1224627, at \*3 (Tex. App.—Fort Worth Mar. 31, 2011, no pet.) (mem. op.) (finding no conscious indifference where inmate offered some excuse—being misled by a jail employee—for his failure to respond to forfeiture suit), *and Davis v. State*, No. 10-07-00369-CV, 2008 WL 4306233, at \*2 (Tex. App.—Waco Sept. 17, 2008, no pet.) (mem. op.) (finding no conscious indifference where inmate offered some excuse—a miscommunication with his attorney—for his failure to respond to forfeiture suit).

There are, of course, some circumstances under which a defendant may meet the first prong of *Craddock* with a contention that he did not know what to do after being served with a lawsuit, but that contention must be paired with some explanation or action justifying the failure to answer. This was essentially the situation in *R.R.*, 209 S.W.3d at 114. In that case, the Department of Family and Protective Services (DFPS)

obtained a default judgment terminating a then-incarcerated mother's parental rights. The mother, Ambrea Rodgers, filed a motion for new trial in which she acknowledged that she had been served with the petition to terminate her parental rights but averred that she had no prior experience with DFPS and did not know how "the system" worked. *Id.* at 114. Rodgers explained that she thought she would get an attorney automatically like she did in her criminal cases, and she thought she was going to be given a chance to handle the matter upon her release from jail. *Id.* In reversing the intermediate court's decision that Rodgers showed conscious indifference, the supreme court explained that Rodgers had relied upon her DFPS caseworker's representations that Rodgers would get an attorney, and the caseworker's failure to tell Rodgers that she needed to write the court to oppose the termination or seek appointed counsel. *Id.* The court also relied upon evidence that Rodgers had regularly written letters from jail to her children and to the caseworker for updates about the children. *Id.* at 115. The supreme court held that this was more than a statement that Rodgers did not answer the petition because she did not understand the citation and was sufficient to "negate the element of conscious indifference." *Id.*

What distinguishes this case from *R.R.* is that Rodgers offered a detailed explanation as to why she did not understand that she had to respond to the petition, provided a rational reason—being misled by her caseworker—why she did not respond, and took action showing her interest in the subject of the proceedings, which was her

children rather than money.[1]  Crowder simply stated that he did not understand and sat idly, even though he already had appointed counsel whom he could have consulted. Without more, Crowder's explanation does not negate conscious indifference.

At the hearing, the trial court expressed a similar view of Crowder's explanation. The trial court probed as to why Crowder did not show the citation to counsel even though "he was in jail the whole time[.]"  The court advanced several examples of valid explanations, such as a party's car breaking down on the way to the courthouse or a mistake in calendaring the response—scenarios which showed excusable neglect but not conscious indifference.  But the trial court contrasted these scenarios with Crowder's explanation, which in the trial court's perspective showed that Crowder consciously ignored the citation:  "I think it clearly shows that by ignoring the citation completely that he had conscious indifference.  He had it in hand, and he said, 'I'm not doing anything with this.'"

After an in-depth assessment of Crowder's explanation, the trial court determined that Crowder's uncontroverted factual assertions did not negate conscious indifference.  The trial court carefully weighed the evidence and exercised its discretion to reach a well-considered and correct choice.  We hold that the trial court did not abuse

---

[1] *Cf. Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating that *Craddock* should be applied "liberally" in suits affecting the parent-child relationship); *Comanche Nation v. Fox*, 128 S.W.3d 745, 749–50 (Tex. App.—Austin 2004, no pet.) (same).

its discretion by denying the motion for new trial. *Id.* at 114. We therefore overrule Crowder's sole issue.

### III. Conclusion

We affirm the judgment of the trial court.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: July 25, 2019