

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00195-CV

———————————————

IN THE INTEREST OF R.H. AND H.H., CHILDREN

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-591612-16

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A.S. (Wife) and G.H. (Husband) divorced in 2017. This appeal arises from Wife's petition to modify the parent–child relationship in which she sought to modify, among other things, the amount of child support paid by Husband. The trial court granted the modification, and Husband now appeals. Husband argues in his sole issue that the trial court abused its discretion by granting the modification because Wife failed to show a material and substantial change of circumstances. Because Wife's modification petition relied on a provision that does not require a change in circumstances, we will affirm.

## Background

Wife's original petition to modify the parent–child relationship alleged that "[t]he circumstances of the children or a person affected by the order have materially and substantially changed since the date of the rendition of the order to be modified" and that "[t]he support payments previously ordered are not in substantial compliance with the guidelines in [C]hapter 154 of the Texas Family Code, and the requested increase would be in the best interest of the children." *See* Tex. Fam. Code Ann. §§ 156.401(a)(1), 156.402. Wife then filed a first amended petition. In her amended petition, instead of alleging that circumstances had materially and substantially changed, she alleged that "[i]t has been three years since the order to be modified was rendered, and the monthly amount of support ordered differs by $100.00 from the

2

amount that would be awarded in accordance with the guidelines" in Texas Family Code Chapter 154. *See id.* § 156.401(a)(2).

Husband filed a counterpetition seeking to be appointed as the person who had the right to designate the children's primary residence and to receive child support. By amended counterpetition, he (1) sought to be appointed sole managing conservator or alternatively to be appointed as the person who had the right to designate the children's primary residence, (2) asked that Wife be ordered to provide child support, and (3) alleged that "[t]he circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the [divorce decree]."

After a hearing, the trial court signed an order granting Wife's petition in part. The order increased the amount of child support paid by Husband and made other modifications not at issue in this appeal. The trial court denied Husband's counterpetition. Husband now appeals from the modification order.

**Discussion**

In his sole issue on appeal, Husband argues that the trial court abused its discretion by modifying his child support obligation when the evidence is legally and factually insufficient to show a material and substantial change in circumstances. He asserts that the record contains no evidence regarding his historical financial circumstances or those of Wife or the children. He contends that "Texas [c]ourts have made it clear that in order to determine whether there has been a substantial and

3

material change, a court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their financial circumstances at the time of the hearing on the modification" and that "[a]lthough testimony was given and exhibits were admitted regarding [his] financial circumstances during the nineteen months preceding the [modification trial], there was no evidence admitted . . . relat[ing] to the financial circumstances of [Husband], [Wife], or the children subject of this suit at the time" of the divorce decree.

Texas Family Code Section 156.401 provides grounds for modifying child support. Tex. Fam. Code Ann. § 156.401. Husband is correct that if Wife wanted to rely on Subsection (a)(1) to seek a modification, she would have had to show that, since the divorce decree's rendition, the circumstances of the children or a person affected by the decree had materially and substantially changed. *See id.* § 156.401(a)(1). However, Wife's amended petition sought modification under Subsection (a)(2), not Subsection (a)(1).

Subsection (a)(2) provides for modification of child support if "[i] it has been three years since the order [to be modified] was rendered or last modified and [ii] the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded [under] the child support guidelines." *Id.* § 156.401(a)(2). Subsection (a)(2) does not require proof of a material and substantial change. *Id.*; *In re K.M.B.*, 606 S.W.3d 889, 898 (Tex. App.—Dallas 2020, no pet.); *see In re A.E.A.*, 406 S.W.3d 404, 411 n.3 (Tex. App.—Fort Worth

4

2013, no pet.) (noting that although conservatorship modification requires material and substantial change, child support modification does not require such a showing if three years have elapsed since order's signing). Husband's brief recognizes that Wife had amended her petition to allege that it had "been three years since the order to be modified was rendered[ and that] the monthly amount of support differs by $100.00 from the amount that would be awarded in accordance with the guidelines." He does not argue that Wife failed to satisfy Subsection (a)(2)'s requirements. *See Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (noting general rule that an appellate court may not "alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal"); *see also C. L. v. Williamson Cnty.*, No. 03-21-00405-CV, 2023 WL 1998894, at *2 (Tex. App.—Austin Feb. 15, 2023, no pet.) (mem. op.) (noting that appellant had not challenged the basis for the trial court's order and stating that appellate court may not consider unassigned error).

Another subsection—Subsection (a-1)—requires a material and substantial change even if three years have passed since the last child support order. That subsection applies only when the parties had "agree[d] to an order under which the amount of child support differs from the amount that would be awarded in accordance with child support guidelines." Tex. Fam. Code Ann. § 156.401(a-1). Husband's opening brief does not argue that Subsection (a-1) applied or that

5

Subsection (a)(2) did not apply. In fact, it does not mention those two subsections at all.

Wife's brief noted that Husband's brief had not cited Subsection (a-1) or addressed Subsection (a)(2). In response, Husband filed a reply brief stating that Subsection (a-1) does apply because the divorce decree's child support award had deviated from the guidelines with the parties' agreement. However, "[p]arties are restricted on appeal to the theory on which the case was tried." *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (citation omitted). Further, parties are generally required to first raise a complaint in the trial court before raising it on appeal. *See* Tex. R. App. P. 33.1. As Wife points out, not only did Husband not raise this argument in his opening brief, he also did not invoke Subsection (a-1) in the trial court, either by citing it directly or by otherwise making the trial court aware of his complaint, and he did not assert that Subsection (a)(2) did not apply. Thus, he has not preserved this argument. *See id.*; *Martinez v. Martinez*, 157 S.W.3d 467, 471 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that wife had not preserved her argument that the trial court should have applied a different statute in deciding conservatorship); *see also In re J.M.*, No. 02-21-00346-CV, 2022 WL 872542, at *3 (Tex. App.—Fort Worth Mar. 24, 2022, no pet.) (mem. op.) (holding that parents failed to preserve argument that trial court had applied wrong version of statute); *In re A.A.M.*, No. 05-18-01314-CV, 2020 WL 477109, at *3 (Tex. App.—Dallas Jan. 29, 2020, no pet.) (mem. op.) (citing *Martinez*).

Husband also raises for the first time in his reply brief an argument that the trial court abused its discretion in setting the modified child support amount because the amount is not supported by sufficient evidence of his net income. He cannot raise this argument for the first time in his reply brief, and we will not consider it.[1] *See* Tex. R. App. P. 38.3.

In summary, Wife sought a child support modification under Subsection (a)(2), which does not require proof of a material and substantial change. *See* Tex. Fam. Code Ann. § 156.401(a)(2); *K.M.B.*, 606 S.W.3d at 898. Husband's brief does not challenge the sufficiency of the evidence to establish modification under Subsection (a)(2), and he did not object in the trial court that the subsection was inapplicable. We overrule his sole issue.

## Conclusion

Having overruled Husband's sole issue, we affirm the trial court's modification order.

---

[1]Husband's opening brief did state that there was "only minimal evidence of [his], [Wife]'s, or the children's present financial circumstances," but he made that statement in the context of arguing that Wife had failed to prove a material and substantial change in circumstances since 2017. He did not argue that the evidence of Husband's current finances that was presented at trial was insufficient to support the modified child support amount. His brief elsewhere acknowledged that testimony and exhibits were presented regarding his financial circumstances "during the nineteen months preceding" the modification hearing, including "bank statements and testimony regarding his gross income from cattle and oil sales." He did not explain why that evidence was insufficient to support the modified child support amount, and his reply brief does not discuss that evidence. *See* Tex. R. App. P. 38.1(i).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  January 9, 2025